## CIRCUIT COURT OF WASHINGTON COUNTY

Johnny Howard White

     v.

Commonwealth of Virginia

December 5, 1990

Case No. (Law) 90-212

**By JUDGE CHARLES H. SMITH, JR.**

I have completed my review of this matter, which is pending before the court on the defendant's demurrer to the plaintiff's pleadings. This matter was argued on October 26, 1990, and the court took it under advisement to review authorities.

This action arises out of an automobile accident that occurred here in Washington County, Virginia, on April 29, 1989. The accident involved an intoxicated driver, Charles Yates, and was investigated by Virginia State Trooper Fred Pat Newman. Upon arrival at the scene, the trooper found the Yates vehicle stopped diagonally in the eastbound lane of State Route 647. Trooper Newman parked his patrol vehicle in the westbound lane facing east. Trooper Newman did not activate any of his vehicle emergency lights nor those on the Yates vehicle and apparently placed no flares at the scene of the accident. Subsequently, the plaintiff's son, Timothy Neil White, who was operating the plaintiff's vehicle with plaintiff's permission, came upon the scene and was unable to avoid a collision with the Yates vehicle and Trooper Newman's vehicle. As a result of the accident, Mr. Yates and a passenger, Remonda Yates, received personal injuries, and all parties sustained property damages. On July 20,

1989, the plaintiff's insurance company settled the Yateses' claim against him for $12,500.00. This action is for contribution against the alleged joint wrongdoer.

The defendant contends that any action for contribution by White against the Commonwealth is now barred because the plaintiffs, Yates, have no cause of action against the Commonwealth. This is so, the defendant contends, because under the provisions of the Virginia Tort Claims Act, any potential claim by the Yateses against the Commonwealth is time-barred because no notice of claim was ever filed. (Virginia Tort Claims Act § 8.01-195.2 *et seq.* of the Code). Section 8.01-195.6 of the Act requires a written statement of the nature of the claim to be filed with the Attorney General "within one year after such cause of action shall have accrued . . ." Section 8.01-195.7 of the Act bars any such claims unless such notice is filed within the year.

The defendant cites § 8.01-34 and the case of *VEPCO v. Wilson*, 221 Va. 979 (1981), as authority for its position. Section 8.01-34 provides as follows:

> Contribution among wrongdoers may be enforced when the wrong results from negligence and involves no moral turpitude.

The *VEPCO* case involved an employer-employee relationship in which injuries sustained by Wilson's employees on the job were compensated by workers' compensation. The Supreme Court sustained the trial court's action in granting Wilson's special plea and dismissing him as a party-defendant stating:

> Code Section 8-627 [now Code Section 8.01-34] provides for contribution among wrongdoers for mere acts of negligence not involving moral turpitude. However, before contribution may be had, it is essential that a cause of action by the person injured lie against the alleged wrongdoer from whom contribution is sought.

The court went on to state in that case:

> Because no cause of action *existed* against Wilson in favor of the injured parties, no right of contribution nor indemnity could exist in favor of VEPCO . . . .

Obviously, in the present case, a cause of action *did exist* in favor of the Yateses against the Commonwealth. An affidavit filed herein at the hearing on October 26, 1990, by the Tort Claims Manager for the Office of the Attorney General indicates that no notice of claim was ever filed with his office by the Yateses. Consequently, any right that they might have to bring suit against the Commonwealth for personal injuries or property damages *at this time* is barred. However, I do not believe that the Yateses' failure to pursue their claims against the Commonwealth as an alleged joint wrongdoer can operate to extinguish White's right to pursue his claim for contribution against that same alleged wrongdoer.

The plaintiff herein, through his insurance company, paid the Yateses' claims on July 20, 1989. His notice of claim for contribution against the defendant, dated January 4, 1990, was timely filed with the Office of the Attorney General.

For the foregoing reasons, the Court will order: (a) that the plaintiff be allowed to amend his motion for judgment to show the proper party-plaintiff as Johnny Howard White; (b) that the defendant's motion to reduce the *ad damnum* by one-half be granted; (c) that the defendant's demurrer be denied.