CIRCUIT COURT OF LOUDOUN COUNTY

John Isom,
Administrator of the
Estate of Marzena Tobias

v.

Commonwealth of Virginia

September 1, 1992

Case No. (Law) 10841

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the motion of the Plaintiff, John Isom, Administrator of the Estate of Marzena Tobias ("Administrator"), to strike the ground of defense filed by the Commonwealth that the Administrator's suit under the Virginia Tort Claims Act (the "Act") (Virginia Code § 8.01–195.1 et seq.) is barred in part by the doctrine of sovereign immunity because the Administrator's claim for damages exceeds the maximum of $25,000.00 allowable under the Act at the time of the motor vehicle collision giving rise to the claim. The Court heard oral argument on August 7, 1992.

The motion is denied because I am of the opinion that the provisions of § 8.01–195.3 as applied to the facts as alleged in the amended motion for judgment limit the Administrator's claim to $25,000.00.

*Allegations of the Amended Motion for Judgment*

On August 17, 1987, Marzena Tobias was operating a motor vehicle on Route 28 in Loudoun County, Virginia. Jo Ann Livingston Tobias was a passenger in the vehicle. Her vehicle collided with a cement truck owned by Amax Concrete Corporation and driven by Lynvall A. Allen. As a result of the collision, Marzena Tobias and Jo Ann Livingston Tobias were killed, Allen was injured, and the ce-

ment truck of Amax was damaged. The following suits were filed in this Court:

(1) The Administrator of the Estate of Jo Ann Livingston Tobias against Isom, Administrator, alleging that the negligence of Marzena Tobias resulted in the wrongful death of Jo Ann Livingston Tobias. This suit was settled for $125,000.00 with the settlement approved by this Court.

(2) Allen filed suit against Isom, Administrator, alleging that the negligence of Marzena Tobias caused him personal injury. This suit was settled for $15,000.00.

(3) Amax filed suit against Isom, Administrator, alleging that the negligence of Marzena Tobias caused it property damage. This suit was settled for $27,000.00.

The Administrator alleges that the aforesaid accident was caused in part by the negligent and/or wrongful act or omission of the Commonwealth or its agents, servants or employees while acting within the scope of their employment, and the aforesaid death, personal injuries, and property damage were direct and proximate results of the accident. The Administrator asserts that the Commonwealth is a joint tortfeasor with Marzena Tobias; and, therefore, he is entitled to the right of contribution from the Commonwealth for the following amounts:

(1) $25,000.00 in contribution for the claim arising out of the death of Jo Ann Livingston Tobias (this amount represents the maximum of $25,000.00 under § 8.01–195.3 as the cause of action accrued before July 1, 1988);

(2) $7,500.00 in contribution for the personal injury claim of Allen; and

(3) $13,500.00 in contribution for the property damage to the cement truck of Amax.

The Administrator seeks a judgment against the Commonwealth for $46,000.00.

### Legal Conclusions

Counsel could not cite, and I could not find, any authority exactly on point as to this issue. However, I feel that it should be decided according to the language of § 8.01–193.5, which provides, in pertinent part, as follows:

> The Commonwealth shall be liable for claims for money only . . . on account of damage to or loss of property or

personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the scope of his employment . . . . The amount recoverable by any claimant shall not exceed . . . 25,000.00 for causes of action accruing prior to July 1, 1988 . . . .

The Administrator takes the position that his contribution claim is in effect three separate claims, i.e., a claim for contribution for a claim for wrongful death, a claim for personal injury, and a claim for property damage. Therefore, he asserts that the maximum allowable recovery under the Act is three times $25,000.00, or a total of $75,000.00. The Commonwealth takes the position that there is only one claim, i.e., the contribution claim, and only one claimant, i.e., the Administrator; and, therefore, the statutory cap is $25,000.00. The Virginia Supreme Court has stated:

> The duty of this court is . . . not to wrest . . . [the] letter of the law from its plain meaning in order to conform to what is conceived to be its spirit, in order to subserve and promote some principle of justice and equality which it is claimed the letter of the law has violated . . . [but] to take the words which the legislature has seen fit to employ and give to them their usual and ordinary signification, and having thus ascertained the legislative intent, to give effect to it, unless it transcends the legislative power as limited by the Constitution.

*Commonwealth v. Sanderson*, 170 Va. 33, 38–39 (1938).

When the words of a statute are clear and unambiguous, judicial construction is not required. A court must take the words as written and give them their plain meaning. *Brown v. Lukhard*, 229 Va. 316, 321 (1985).

It is not alleged that the Estate of Jo Ann Livingston Tobias, Allen or Amax sued the Commonwealth for damages arising out of the accident. Each could have, and any recovery by each would have been subject to, the $25,000.00 cap under the Act. Although the alleged negligence and/or wrongful act or omission of the Commonwealth's agents, servants, or employees may be the underlying basis or cause for the Administrator's claim in this case, his claim is one for contribution against an alleged joint tortfeasor. Section 8.01–34 provides:

> Contribution among wrongdoers may be enforced when the wrong results from negligence and involves no moral turpitude.

The predecessor of this statute enacted in 1919 abrogated the rule established in *Walton v. Miller*, 109 Va. 210 (1909), that the right of contribution did not exist among joint tortfeasors. *See, Hudgins v. Jones*, 205 Va. 495, 501 (1964).

The Administrator's claim is one for contribution, and not a claim for personal injury or death of Marzena Tobias or for damage to her property. Section 8.01–195.3 specifically says that the "amount recoverable by any *claimant* shall not exceed . . . $25,000.00." (Emphasis supplied.) Claimant is in the singular. The statute does not refer to causes of actions or claims in setting the cap. The legislature, by the words it chose to use, based the statutory cap on the amount a particular claimant could receive, and not upon an individual claim. The legislature surely must have recognized that one incident could give rise to multiple claims by one person against the Commonwealth (e.g., personal injury and property damage arising out of a motor vehicle accident), but, even recognizing this, it decided to limit the amount that one person (one "claimant") could recover as a result of an act of negligence or wrongful act or omission as permitted by the Act.

Although not exactly on point, Judge Charles H. Smith, Jr., of the Circuit Court of Washington County recognized that a contribution claim is separate and distinct from the underlying claim when he ruled in *White v. Commonwealth*, 22 Va. Cir. 275 (1990), that a tortfeasor can sue the Commonwealth under the Act for contribution even though the injured party never sued the Commonwealth. I agree with his decision.

It makes no difference in this case that the Estate of Jo Ann Livingston Tobias, Amax and Allen did not sue the Commonwealth when they each sued the Administrator. The spirit of the Act may be that the Commonwealth should not be able to avoid a maximum exposure of $75,000.00 under the Act (which it would have been exposed to if the aforesaid three parties had sued the Commonwealth) merely because the Commonwealth now is involved as an alleged joint tortfeasor on a contribution claim. However that may be, I feel that it is a matter that is more appropriately addressed to the legislature.