## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### Virginia Electric and Power Company

### v.

### K. F. Wilson, Individually And t/a, Etc.

April 24, 1981.

Record No. 790545.

Present: All the Justices.

*Gregory N. Stillman* (*Lewis T. Booker; L. Neal Ellis, Jr.; Hunton & Williams,* on briefs), for appellant.

*Andrew C. Mitchell, Jr.* (*James A. Howard; Breeden, Howard & MacMillan,* on brief), for appellee.

PER CURIAM.

Jesse Daye, Jr., and James A. Collins filed separate motions for judgment against the City of Newport News, Virginia Electric and Power Company (Vepco), and K. F. Wilson, individually and trading as K. F. Wilson, Contractor, seeking damages for personal injuries sustained from a gas main explosion allegedly caused by the concurring negligence of the three defendants.

Wilson subsequently filed a special plea claiming that Daye and Collins had each been compensated as employees under the Virginia Workmen's Compensation Act, and therefore the actions should be dismissed as to him. The trial court sustained the special plea and dismissed Wilson as a party defendant. Thereafter, Vepco, by leave of court and pursuant to Rule 3:10, filed a third-party motion for judgment against Wilson alleging liability for contribution or indemnity for a portion of whatever Vepco might be obligated to pay. Vepco expressly denied that it was guilty of any negligence but alleged that, even if it were, such negligence would only be passive and that, accordingly, Wilson's active negligence was the proximate cause of the injuries sustained by Daye and Collins. Wilson responded with a second special plea claiming that no cause of action for contribution or indemnity existed against him in favor of Vepco. This plea was sustained by the trial court, and Wilson was dismissed as a third-party defendant.

To this judgment we granted an appeal to determine if Vepco, under the facts and circumstances of this case, has a right of contribution or indemnity against Wilson. We hold that it does not.

In *Norfolk Southern Railroad* v. *Gretakis,* 162 Va. 597, 174 S.E. 841 (1934), the infant son of Gretakis was injured in a motor vehicle accident allegedly due to the concurring negligence of the railroad and Gretakis. An action was filed only against the railroad, and, after judgment was rendered in favor of the infant, the railroad sought contribution from Gretakis. In denying the railroad the right of contribution from Gretakis, the court stated:

Section 5779, Code Va. 1919 [now Code § 8.01-34] gives a right of contribution only where the person injured has a *right*

*of action* against two persons for the same indivisible injury. Though the concurring negligence of two persons may have resulted in an indivisible injury to a third, if the third person has a cause of action against only one of them, that one cannot enforce contribution from the other. The statute allowing contribution does not create any greater liability than existed before its enactment.

162 Va. at 600, 174 S.E. at 842. Because the infant was an unemancipated minor child, no cause of action existed against the father, and therefore the railroad had no right of contribution.

Vepco argues that the value of *Gretakis* as precedent has been greatly diminished since our decision in *Smith* v. *Kauffman,* 212 Va. 181, 183 S.E.2d 190 (1971), where we permitted abrogation of parental immunity in cases involving motor vehicle accidents. While it is true that under present law the Gretakis infant could have maintained a cause of action against his father, thus rendering a contrary result, such has no effect on the basic premise of contribution, *viz.,* before contribution will be permitted, a right of action by the plaintiff must exist as to the joint tortfeasor against whom contribution is sought.

Vepco relies on the views of one commentator who notes that the issue on appeal is still an open question in Virginia and who further argues that this Court should adopt the minority rule prevailing in certain states permitting contribution in cases such as this.[1] We disagree. Previously, in *Bartlett* v. *Roberts Recapping, Inc.,* 207 Va. 789, 792-93, 153 S.E.2d 193, 196 (1967) (a case not cited in either party's brief), we said:

Code, § 8-627 [now Code § 8.01-34] provides for contribution among wrongdoers for mere acts of negligence not involving moral turpitude. However, *before contribution may be had it is essential that a cause of action by the person injured lie against the alleged wrongdoer from whom contribution is sought.* [Emphasis added.]

■ What we say here with reference to contribution is equally applicable to indemnity. The distinguishing feature of indemnity is that

---

[1] *See* Stevenson, *Effect of Virginia Workmen's Compensation Act Upon the Right of a Third-Party Tortfeasor to Obtain Contribution from an Employer Whose Concurrent Negligence Caused Employee's Death or Injury,* 13 U.Rich.L.Rev. 117 (1978).

it must necessarily grow out of a contractual relationship. *Accord, Jennings* v. *Franz Torwegge Machine Works*, 347 F.Supp. 1288 (W.D.Va. 1972).

Because no cause of action existed against Wilson in favor of the injured parties, no right of contribution or indemnity could exist in favor of Vepco, and the judgment below will be

*Affirmed.*