## CIRCUIT COURT OF THE CITY OF BRISTOL

Charles A. Powers

v.

City of Bristol et al.

Ronald Eugene Osborne

v.

City of Bristol et al.

May 12, 1986

By JUDGE CHARLES B. FLANNAGAN, II

This matter is now before the court on the demurrer filed by Gilbert CATV Construction Company to the third party motion for judgment filed by American Cable Systems of Virginia, Inc.

Ronald Eugene Osborne and Charles A. Powers were employees of Gilbert CATV Construction Company and were injured while working for Gilbert in the performance of a construction contract between American Cable Systems and Gilbert. Both employees received worker's compensation benefits from Gilbert and filed tort claims against American Cable Systems. The Powers suit went to trial before a jury and resulted in a verdict for the defendant American Cable Systems. The Osborne case was settled by American Cable Systems during the course of trial.

American Cable Systems has now sued Gilbert, the employer, pursuant to its contract with Gilbert in an effort to recover amounts expended in the defense and settlement of the suits. Section (12b) of the contract provides, in part, as follows:

> To the fullest extent permitted by law, Contractor (Gilbert) shall indemnify, defend with counsel acceptable to Customer (American Cable) and hold harmless Customer and its agents and employees from and against all claims, damages, losses and expenses, including without limitation reasonable attorneys fees, arising out of or resulting from Contractor's performance of work hereunder. Such indemnification shall not be limited in any way by any limitation on the amount or type of damages, compensation or benefits payable by or for contractor or any subcontractor under worker's or workmen's compensation acts, disability benefit acts or other employee benefit acts.

Gilbert contends that the law of Virginia does not permit an action for contribution or indemnity against the employer of an injured party because of the bar of the worker's compensation act. In support of its position, Gilbert has cited to the court the case of *VEPCO v. Wilson*, 221 Va. 979, 277 S.E.2d 149 (1981).

VEPCO was sued by employees of Wilson for injuries sustained when a gas main exploded allegedly due to the negligence of VEPCO. VEPCO filed a third-party motion for judgment against Wilson seeking contribution or indemnity on the allegation that if VEPCO were guilty of any negligence it was passive negligence and that Wilson's active negligence was the true proximate cause of the injuries sustained. The Supreme Court of Virginia affirmed the trial court decision that contribution would not be allowable unless the original plaintiffs had a claim against Wilson. Since the employees tort claims against Wilson were barred by the Virginia Worker's Compensation Act, they had no claim against Wilson and thus VEPCO could not prosecute a claim against Wilson. In a concluding paragraph, the court stated:

> What we say here with reference to contribution *is equally applicable to indemnity*. The distinguishing feature of indemnity is that it must necessarily grow out of a contractual relationship. *VEPCO, supra*, p. 981. (Italics added).

The court notes Federal cases applying Virginia law which arguably would permit an indemnity action against the employer in cases with express indemnity agreements. See *Bristow v. Safway Steel Products*, 327 F.2d 608 (4th Cir. 1964); *Pearson v. National Trust for Historic Preservation*, 145 F. Supp. 370 (D.D.C. 1956). See also *Ryan Stevedoring Company, Inc. v. Pan-Atlantic Steamship Corp.*, 350 U.S. 124, 76 S.Ct. 232 (1956).

All of the above cases were decided prior to the decision in the *VEPCO* case and this court is bound to follow the authority of the Supreme Court of Virginia absent some constitutional considerations resolved by the Supreme Court of the United States. In *VEPCO*, the Supreme Court of Virginia stated, without qualification, that an indemnity proceeding will be permitted only if the person injured has a cause of action against the party from whom indemnity is sought. Such is not the case in the case at bar. Code of Virginia § 65.1-40.

Accordingly, the demurrer will be sustained.