## CIRCUIT COURT OF THE CITY OF NORFOLK

Laurie J. Dobbins

v.

The Ad Shoppe, Inc., and
Tidewater Psychiatric Institute, Inc.

v.

Cathy Madden

July 2, 1987

Case No. (Law) L-86-2255

By JUDGE THOMAS R. McNAMARA

Virginia Code § 8.01-35.1 applies to "those vicariously liable as employers, masters, and principals" as well as to joint tortfeasors. *Thurston, etc., v. Taylor*, 230 Va. 475 (1986). Therefore, in the case at bar the covenant not to sue given to The Ad Shoppe does not discharge TPI from any liability to the plaintiff but does have the effect of reducing appropriately any amount recovered against TPI. *Thurston, etc. v. Taylor, supra.*

The question as to whether the covenant not to sue also has the effect of discharging The Ad Shoppe from any liability for indemnity under TPI's cross claim is not answered by these observations alone.

Where the defendants are joint tortfeasors, any cross claim between them asserting a claim for contribution would be barred under the statute. A covenant not to sue discharges "the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor." See § 8.01-35.1(A)(2), and note the curious misquotation of that provision in the footnote on page 483 of the

Supreme Court's opinion in the *Thurston* case where it refers to "all liability *or* contribution" instead of "all liability *for* contribution." (Emphasis supplied.)

The motion for judgment in the case at bar asserts a joint claim of liability against both defendants as joint tortfeasors. Under the statute any claim between them for contribution would be barred. But the defendant TPI makes no claim for contribution and does not accept categorization as a joint tortfeasor. Its cross claim in this case is not one for contribution by a joint tortfeasor but for indemnity by a defendant who takes the position that he is potentially liable only vicariously as a principal. The statute in applying to those vicariously liable allows a plaintiff to settle with one defendant and proceed to trial against another, still guarding against an excessive recovery by requiring an appropriate reduction in the ultimate judgment but does not in express terms deprive a principal of its right to recover indemnity from its agent whose independent wrongful conduct in that capacity imposes under the law a loss upon the principal. Nor does it do so by implication.

A joint tortfeasor is liable to the plaintiff by reason of his own wrong doing and is liable for the plaintiff's entire loss. The statutory remedy for contribution was intended to afford some opportunity for loss-sharing among wrong-doers. A statute created the right. *See* Virginia Code § 8.01-34. Another may certainly modify it, and the legislature by enacting the statute in question has seen fit to do so for the underlying purpose of promoting settlements. *Hayman v. Patio Products, Inc.*, 226 Va. 482 (1984). Under this statute, one joint tortfeasor may settle with the plaintiff unilaterally, and by so doing, insulate himself from any further exposure for contribution to other wrongdoers who are also liable to the plaintiff. The joint tortfeasor co-defendant is not unfairly treated under this plan.

The same cannot be said of the co-defendant who has not injured the plaintiff through any act of his own but is liable, if at all, only vicariously as a principal. One who has been rendered liable by the acts of his agent has a common law right to recover his loss from his agent by way of indemnity. The right of indemnity arises out of the contractual relationship. *VEPCO v.*

*Wilson,* 221 Va. 979 (1981). It was not created by statute for the benefit of wrong-doers but is a right existing between contracting parties wherein as between themselves claimant is an innocent party and defendant is a wrong-doer. To allow a wrong-doing agent to escape his contractual responsibility to his principal by unilaterally settling with the plaintiff a tort claim for which he owes a duty to hold his principal harmless, would be at least harsh, if not unfair to the principal.

Whether such a statute would pass a test of constitutionality need not be decided here since it is abundantly clear that if the legislature intended this result, it would certainly have to say so, and it has not. The statutory discharge is from "liability for contribution" not from liability for indemnity.

*Black's Law Dictionary* 297 (5th Edition, 1979) states:

> Under principal of "contribution," a tortfeasor against whom a judgment is rendered is entitled to recover proportional shares of judgment from other joint tortfeasors whose negligence contributed to the injury and who were also liable to the plaintiff.

It defines Indemnity (at page 692) as:

> A collateral contract or assurance, by which one person engages to secure another against an anticipated loss or to prevent him from being damnified by the legal consequences of an act or forbearance on the part of one of the parties or some third person. Term pertains to liability for loss shifted from one person held legally responsible to another person.

These two rights are not the same, and a statute eliminating one cannot be extended by implication to eliminate the other. Virginia Code § 8.01-35.1 does not eliminate a right to indemnity.

Accordingly, The Ad Shoppe's motion to dismiss the cross claim will be denied.

Plaintiff's case against TPI will proceed to trial, but for the reasons set forth in The Ad Shoppe's motion

142

to sever, the cross claim of TPI will be severed and trial thereon deferred until some later date suitable to counsel.