## CIRCUIT COURT OF FAIRFAX COUNTY

Schilling

v.

Connor et al.

v.

Golden

September 17, 1990

Case No. (Chancery) 116054

By JUDGE JACK B. STEVENS

This matter is before the Court to consider (1) defendant Connor's Motion for Summary Judgment, and (2) third party defendant Golden's Demurrer to the Third Party Cross-Bill.

The Court denies Connor's Motion for Summary Judgment. The Court has considered *Hicks v. Wynn*, 137 Va. 186, 196, 119 S.E. 133, 136-37 (1923), and agrees that a real estate broker has no duty to give legal opinions as to the status of contract negotiations. However, a broker does owe a duty to disclose all material facts which may be material to the transaction. *Burruss v. Green Auction Co.*, 228 Va. 6, 10, 319 S.E.2d 725, 727 (1984).

In essence, Schilling's pleading claims that the *facts* of acceptance were miscommunicated to him. Summary judgment is only appropriate when there are no material

issues of fact in dispute, any doubts being resolved in the light most favorable to the nonmoving party. *Costner v. Lackey*, 223 Va. 377, 290 S.E.2d 818 (1982). This point, taken in the light most favorable to Schilling, prevents summary judgment at this stage.

The Court denies Golden's Demurrer to the Third Party Cross-Bill because Golden may be liable to Connor under either a contribution or an indemnity theory.

In Virginia, contribution is appropriate when the party from whom it is sought could be forced to answer to the injured party directly. *VEPCO v. Wilson*, 221 Va. 979, 981-82, 277 S.E.2d 149, 150 (1981). Connor pleads facts that, if proven, may establish liability running from Golden to Schilling. Since a demurrer admits the truth of all material facts which are properly pleaded, and these facts, taken as admitted, may establish liability running from Golden to Schilling, Golden's Demurrer should be denied with respect to contribution. *Duggin v. Adams*, 234 Va. 221, 360 S.E.2d 832 (1987).

Non-contractual indemnity has been recognized in Virginia where the indemnitor is primarily responsible for the injury, the indemnitee is passively responsible, and the indemnitor could be held liable to the injured party directly. *See Glover v. Johns-Manville Corp.*, 662 F.2d 225, 229 (4th Cir. 1981). Since Connor pleads facts which, if proven, may establish liability from Golden to Schilling under an indemnity theory, the Demurrer should be denied with respect to indemnity.