Peter A. Kristiansen et al.

v.

William A. Hazel, Inc.,
and Willis E. Brown

v.

Pamela Hawver

November 23, 1993

Case No. (Law) 120636

BY JUDGE ROSEMARIE ANNUNZIATA

The plaintiff in this case is the father of a fifteen year-old girl who was killed as a result of a collision involving a dump truck driven by defendant Willis E. Brown and owned by defendant William A. Hazel, Inc., and a car driven by Pamela Hawver. The decedent, Kendra Kristiansen, was a passenger in Hawver's car. In his capacity as personal representative for his daughter's estate, the plaintiff entered into a covenant not to sue with Hawver and brought suit against defendants Brown and Hazel, alleging negligence and negligent entrustment.

Defendants Brown and Hazel subsequently filed a third-party motion for judgment against Hawver, alleging that her negligence was the sole and proximate cause of the accident that killed Kendra Kristiansen. Brown and Hazel contend that under the common law tort doctrine of indemnification, they are entitled to be indemnified by Hawver for any sum or damages that may be assessed against them and that the original motion for judgment should thus be dismissed as to them.

Pamela Hawver demurs to the third-party pleading and asks it be dismissed. For the reasons set forth below, the demurrer is sustained.

The right to indemnification is grounded in contract. *VEPCO v. Wilson*, 221 Va. 979, 981–82 (1981). The contract right may be either

express or implied. *Moretz v. General Electric Co.*, 170 F. Supp. 698, 704 (W.D. Va. 1959), and *Whittle v. Timesavers, Inc.*, 614 F. Supp. 115 (W.D. Va. 1985).

An implied contractual right to indemnification is a right of restitution and rests on the concept that "one person is unjustly enriched at the expense of another when the other discharges liability that it should be his responsibility to pay." Restatement (Second) of Torts § 886B, comment (c) (1979).

Although premised on broad restitutionary principles, the implied right to indemnification in a tort action is limited to certain circumstances. *See* Restatement (Second) of Torts § 886B (2) and comments. When implied indemnification rights are found to exist as a result of tortious conduct of one or more defendants, vicarious or derivative liability is generally considered to be its cornerstone. *Mauro v. McCrindle*, 419 N.Y.S.2d 710, 713–4 (1979). *See also Philip Morris, Inc. v. Emerson*, 235 Va. 380, 411 (1988) (indemnification is available to a tortfeasor when the indemnitee is liable vicariously for the conduct of the indemnitor); *White v. Johns-Manville Corp.*, 662 F.2d 243, 249 (4th Cir. 1981) ("Where the indemnitee's liability is merely constructive, vicarious or derivative, the burden for the entire loss may be shifted to the indemnitor whose actual fault caused the injury").

Many courts have based their analysis on the relative responsibilities or negligence of the tortfeasors, variously described as active or passive, and primary or secondary. *Philip Morris*, 235 Va. at 411. ("If a defendant is guilty of active negligence he may not obtain indemnification from any other defendant"). *See also McLaughlin v. Siegel*, 166 Va. 374, 377 (1936) ("[W]here one party is only a technical wrongdoer, and did not actually participate in the wrongful act, such party, on being compelled to pay damages to the injured party, is entitled to contribution or indemnity from the actual wrongdoer");[1] *Mauro*, 419 N.Y.S.2d at 713–4; *White*, 662 F.2d at 249 ("[The theory of implied contractual indemnity] applies a restitutionary principle to the situation where one person discharges a liability that has been imposed on him

---

[1] Although the Court in *McLaughlin* relates this finding to contribution or indemnification, a close reading of the case supports the conclusion that the Court was addressing the availability of indemnification as a remedy to certain tortfeasors when contribution was not available as a basis for relief. *See also* Restatement (Second) Torts § 348 B, Comment I (1979), which discusses the historical development of the law of indemnification.

by operation of law, but which — because of another's 'primary' fault — should have been discharged by the other") *citing* Restatement of Restitution § 76 (1937).[2] *See also United States Lines, Inc. v. Newport News Shipbuilding and Dry Dock Co.*, 688 F.2d 236, 240–241 (4th Cir. 1982), and 41 Am. Jur. 2d, *Indemnity*, §§ 19–21 (1968).

To withstand demurrer in this case, the third-party pleading must allege facts which give rise to the defendant's right to be indemnified. Va. Code § 8.01–273; *Rosillo v. Winters*, 235 Va. 268, 367 S.E.2d 717 (1988). Where only defendant's active negligence is alleged, a claim for indemnification is improper as a matter of law.

Here, the third party defendants' allegations fail to set forth a basis for their claim. First, the original Motion for Judgment in this action charges the defendants with active, as distinguished from passive, negligence. *See* Motion for Judgment, Paragraphs 6 and 13.[3] If the defendants are found liable on these claims, their liability could not be deemed passive or secondary in relation to the liability with which they charge Hawver. *See White*, 662 F.2d at 250.

Furthermore, defendants' third party claim likewise fails to set forth facts which, if proved, establish passive or secondary liability, relative to Hawver's active or primary liability. In their third-party motion defendants state that the negligence of defendant Hawver is the sole cause of the harm claimed by plaintiff. *See* Third-Party Motion for Judgment, Paragraphs 5–6. Such allegations do not invoke a right to indemnity but rather an absolute defense to the negligence charged in the underlying motion for judgment. *See White*, 662 F.2d at 250 ("[A pleading which denies legal causation] fails to concede — indeed it

---

[2] *See White*, 662 F.2d at 249, for a discussion of the fact patterns that generally give rise to indemnification rights based on implied contract.

[3] Paragraph 6 reads in part: "Such negligence by defendants Hazel and Brown included, but is not limited to, operating the dump truck in a careless, reckless, and negligent manner, failing to keep a proper look-out; failing to devote full time and attention to the operation of a motor vehicle; failing to operate a motor vehicle at a speed so controlled as necessary to avoid colliding; failing to reduce speed when approaching an intersection; failing to drive at a speed reasonable and prudent under the existing conditions; and failing to maintain the vehicle under proper control." Paragraphs 13 and 14, asking for punitive damages from the defendants, read in part: "The conduct of the defendant William A. Hazel, Inc., and its agent and servant Willis E. Brown was willful and wanton and so reckless as to evince a conscious disregard for the safety of others and proximately caused the death of Kendra M. Kristiansen."

negates . . . —the predicate for indemnity that some form of 'secondary' liability will have been established against the party seeking indemnity").

Accordingly, the plaintiff's demurrer is sustained.