Present:  All the Justices

TINA MARIE CARR

v.    Record No. 950005    OPINION BY JUSTICE ELIZABETH B. LACY
                                    November 3, 1995
THE HOME INSURANCE COMPANY,
AS SUBROGEE FOR ITS INSURED,
GREEN THUMB ENTERPRISES

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Thomas D. Horne, Judge

In this case we consider whether an uninsured motorist insurance carrier can assert a claim for equitable indemnification from the uninsured motorist based on the carrier's payment of its insured's damage claim.

On December 4, 1991, an automobile accident occurred between two vehicles, one driven by Tina Marie Carr and the other driven by an employee of Green Thumb Enterprises (Green Thumb).  As a result of the accident, the Green Thumb vehicle was damaged and its driver and a passenger, also an employee of Green Thumb, were injured.  Carr's liability insurance carrier denied coverage.  Green Thumb sought uninsured motorist coverage from its insurer, The Home Insurance Company (Home).  Home settled with Green Thumb paying it $29,500 for personal injuries suffered by the employees.[1]

Two years and six days after the accident, Home filed a motion for judgment against Carr alleging that Carr's negligence caused the accident.  Home, as Green Thumb's

_____
[1]Home also paid Green Thumb $4,210 for property damage and towing charges.  Recovery of these amounts is not involved in this appeal.

subrogee, sought recovery of the "amount paid by them on behalf of their insured as a result of [Carr's] negligence." Carr filed a plea of the statute of limitations asserting that the action was untimely because, as Green Thumb's subrogee, Home was required to bring the action within the two-year period prescribed for personal injury actions in Code § 8.01-243(A).

Prior to consideration of Carr's plea, Home was allowed to file an amended motion for judgment seeking recovery against Carr based on "contribution and/or implied or equitable indemnification." Thereafter, the trial court denied Carr's plea, finding that Home's motion for judgment was timely filed because actions for contribution or indemnification accrue at the time "the contributee or the indemnitee has paid or discharged the obligation." Code § 8.01-249(5). The trial court subsequently granted Home's motion for summary judgment and entered judgment against Carr. We awarded Carr an appeal.

Carr asserts here, as she did below, that the facts of the case did not support Home's claim for equitable indemnification and that Home's sole cause of action against her was a personal injury action as Green Thumb's subrogee.[2] We agree. Equitable indemnification arises when a party without personal fault, is nevertheless legally liable for damages caused by the

_____

[2]Home abandoned its claim based on contribution. Although Home refers to implied indemnification, it uses that term interchangeably with equitable indemnification and does not argue that there was an implied contract of indemnification between Carr and Home.

- 2 -

negligence of another.  Equitable principles allow the innocent party to recover from the negligent actor for the amounts paid to discharge the liability.  Maryland Casualty Co. v. Aetna Casualty & Surety Co., 191 Va. 225, 232, 60 S.E.2d 876, 879 (1950); McLaughlin v. Siegel, 166 Va. 374, 377, 185 S.E. 873, 874 (1936).

A prerequisite to recovery based on equitable indemnification is the initial determination that the negligence of another person caused the damage.  Without that determination, neither the negligent actor nor the innocent party can be held liable for the damages claimed.  In this case, at the time Home filed its motion for judgment, there had been no determination that Carr's actions were negligent or that her negligence caused the damages claimed by Green Thumb.  Consequently, the elements necessary to support equitable indemnification in favor of Home were not met.

Under the circumstances of this case, the only cognizable cause of action available to Home was that of subrogation as provided in Code § 38.2-2206(G).  See United Servs. Auto. Ass'n v. Nationwide Mut. Ins. Co., 218 Va. 861, 867, 241 S.E.2d 784, 788 (1978).  Home did not bring its action seeking recovery from Carr within the two year limitation period for personal injury actions.  Therefore, the trial court erred in denying Carr's plea of the statute of limitations.

Accordingly, the judgment of the trial court will be

reversed and final judgment entered dismissing Home's claim for amounts paid for personal injuries sustained by Green Thumb's employees.

<u>Reversed and
final judgment.</u>