## CIRCUIT COURT OF NELSON COUNTY

Stone Ridge Condominium
Unit Owners' Assn.

v.

J. M. Turner and Co., Inc.

July 14, 2003

Case No. CL03-000071-00

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the demurrer of the defendant in the above case. I sustain the demurrer of the defendant. The case is dismissed.

The defendant (Turner) initially filed a plea in bar and demurrer. At argument, the defendant stated that it is proceeding on the demurrer. A demurrer, of course, challenges the sufficiency of the claim on the face of the pleadings. In a demurrer, the Court considers as true all material facts alleged in the motion for judgment, all facts impliedly alleged, and all reasonable inferences drawn from such facts. *Moore v. Maroney*, 258 Va. 21, 23 (1999). In addition to the facts pleaded in the motion for judgment, the parties have filed a stipulation of additional facts the Court may consider in this case. This Court is conscious that a trial court should not "short-circuit" litigation pretrial unless it clearly appears that one of the parties is entitled to judgment based upon the pleadings. *Renner v. Stafford*, 245 Va. 351, 355 (1993).

The motion for judgment and stipulation state that Turner entered into construction contracts with Melba Investors Southeast, Inc. (Melba) to build five condominium buildings at the Wintergreen Resort (Wintergreen). The last

building was completed by Turner no later than November 1, 1984. This lawsuit was filed on April 9, 2003.

Subsequent to the construction of the five condominium buildings by Melba, Melba transferred control of the condominiums to the Stone Ridge Condominium Unit Owners Association (condominium association) pursuant to § 55-79.74 of the Code of Virginia. .

In April 2002, Building V "caught fire and was essentially destroyed." Subsequent to this fire, the Nelson County building official inspected the remaining four buildings and discovered numerous BOCA Code violations. The Nelson County building official notified the condominium association that it was required by law to remedy the BOCA Code violations.

After the directive of the Nelson County building official, the condominium association employed an architect to perform a study and outline the necessary repairs. The condominium association alleges that the repair costs will exceed $850,000.00. Accordingly, the condominium association has filed this action against Turner on the theory of implied indemnity.

The motion for judgment and stipulation do not allege or state that there was ever an express contractual relationship between Turner and either the condominium association or the individual condominium owners. Further, neither the motion for judgment alleges nor the stipulation states that there is a statutory obligation of Turner to the condominium association or the individual condominium owners.

### Implied Indemnity and a Contractual Relationship

At the threshold, the motion for judgment of the plaintiff fails to state a claim upon which relief can be granted because there is no contractual relationship with Turner. A cause of action for implied indemnity exists under Virginia law. However, whether the indemnity claim is based on an express or implied relationship, it must arise out of a contractual relationship between the two parties. *Virginia Elec. & Power Co. v. Wilson*, 221 Va. 979, 981-82 (1981). More recently, the Virginia Supreme Court decided that the builder of a home could not recover damages on the theory of implied indemnity against the manufacturer of an allegedly defective stucco product because it did not arise out of a contractual relationship. *Pulte Home Corp. v. Parex, Inc.*, 265 Va. 518, 528 (2003). Likewise, in the instant case, there is no contractual relationship between Turner and the condominium association. Thus, an implied indemnity claim cannot be sustained.

The plaintiff also cannot recover under the theory of equitable indemnity. In order to have a viable claim for equitable indemnification, a party without personal fault must be legally liable for damages caused by the negligence of another. *Carr v. The Home Ins. Co.*, 250 Va. 427, 429 (1995). Further, a prerequisite to recovery on equitable indemnification is the initial determination that the negligence of another person caused the damage. *Id.* at 429. For two reasons, the case under consideration is not an equitable indemnification case. First, it is not a negligence case. There is no theory of negligence pleaded. Further, even if negligence was pleaded, the "economic loss rule" prohibits recovery from Turner by the condominium association because there is no contractual privity between Turner and the association. The condominium association is seeking economic damages. Economic damages can only be recovered when there is privity of contract. *Sensenbrenner v. Rust, Orling & Neale, Archits., Inc.*, 236 Va. 419, 422 (1988). Second, there cannot be a recovery under equitable indemnity because there has been no determination that the negligence of Turner caused the damage. As noted above, there must be an initial determination that the negligence of another person caused the damage in order for there to be a recovery under equitable indemnification. *Pulte, supra*, at 528.

Two other theories of implied indemnity have been discussed in other states and in federal jurisdictions. They are "implied contract theory" of indemnity and "implied in law" indemnity. Although neither of these theories have been approved as a cause of action in Virginia, they will be discussed briefly.

Implied contract theory requires a special contractual relationship. *Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp.*, 350 U.S. 124, 133-34 (1956); see also *Dacotah Marketing & Research, L.L.C. v. Versatility, Inc.*, 21 F. Supp. 2d 570, 580 (E.D. Va. 1998). In the instant case, there is no special contractual relationship between Turner and the condominium association.

Implied in law indemnity is a tort-based right to indemnification where there is a disparity of fault between two tortfeasors. *International Surplus Lines Insur. Co. v. Marsh & McLennan, Inc.*, 838 F.2d 124, 126-27 (4th Cir. 1987). In the case under consideration, there is no allegation that Turner has committed a tort or that the condominium association is a joint tortfeasor. Thus, there is no cause of action based upon implied in law indemnity.

*Statutes of Limitation and Statutes of Repose*

There is no contractual basis for the condominium association to recover against Turner. At best, the statute of limitations for breach of contract is five years under Va. Code § 8.01-246(2).

Likewise, the statute of limitations bars any recovery in tort. A cause of action for damaged property under a tort theory must be brought within five years of the damage. Va. Code § 8.01-243(B).

Accordingly, the only theory of recovery that survives the statute of limitations is a indemnity theory which begins the running of the two year statute of limitations once the indemnitee (condominium association) has paid or discharged the obligation. Va. Code §§ 8.01-248 and 8.01-249(5). If a theory of indemnity fails, there is simply no way the plaintiff can amend its pleadings to allege a cause of action that would survive a demurrer. Accordingly, the motion for judgment must be dismissed.

Last, the defendant asserts that a claim for indemnity under the circumstances of this case is also barred by the Virginia statute of repose. Va. Code § 8.01-250. The statute of repose bars any action of indemnity for damages sustained as a result of construction on real property brought more than five years after the performance of such services and construction. This statute, however, is limited to tort actions. *Tate v. Colony House Builders, Inc.*, 257 Va. 78, 85 (1999); *School Bd. of City of Norfolk v. United States Gypsum Co.*, 234 Va. 32, 37-38 (1987). As noted above, this is not a tort action. Thus, the statute of repose is not applicable.