# CIRCUIT COURT OF THE CITY OF RICHMOND

CSX Transportation, Inc.

v.

Titan America, L.L.C., et al.

November 2, 2004

Case No. LS-1717-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court on defendant's demurrer to plaintiff's Motion for Judgment. In Count I, plaintiff railroad seeks to recover by way of indemnification monies paid to settle a claim against it made by one of its employees under the Federal Employer's Liability Act (FELA). 45 U.S.C. §§ 51-60. In Count II, plaintiff seeks recovery of the sums on a claim of contribution.

Under well settled principles on demurrer, the court accepts all well pleaded facts in plaintiff's Motion for Judgment as true for the purposes of determining whether they state a cause of action. *Seventeen, Inc. v. Pilot Life Ins. Co.*, 215 Va. 74, 205 S.E.2d 648 (1974). Accordingly, the facts as recited are summarized as follows.

Defendant Titan America, L.L.C. (Titan) owned and operated the Roanoke Cement Plant. Its operations included the filling of rail cars by top loading with powdered cement material. The cars would then be shipped by rail to customers, to facilities owned by Titan, or to Titan's affiliated business entities.

Several days prior to January 19, 2001, Titan top loaded Norfolk Southern Railway Company rail car NW 182554 with powdered cement material at the Roanoke plant. This rail car was then taken by Norfolk

Southern to Lynchburg, Virginia, where possession of the car was transferred to CSX for shipment to Richmond, Virginia. The rail car was unloaded through its bottom chutes and moved by CSX to its Lynchburg rail yard for transfer back to Norfolk Southern. On January 19, 2001, CSX employee Donald Griffith was performing his normal assigned duties in the Lynchburg rail yard. As Griffith bled the air off of the rail car, a nearby slab of concrete fell from the top of the car and struck Griffith, causing injuries. As a result of his injuries, Griffith incurred medical expenses and was unable to return to work.

Griffith brought suit against CSX under the FELA for damages resulting from his injuries. The FELA requires the railroad to provide its employees with a safe work place. CSX demanded that Titan assume the defense of the case because Griffith's injuries were caused by Titan's active negligence, but Titan declined. CSX kept Titan informed about the progress of the settlement negotiations with Griffith. Eventually, CSX settled with Griffith for $625,000.00. CSX now seeks to recover the cost of the settlement, expenses, and attorney's fees from Titan based on the claims of indemnification and contribution.

As to indemnification, Titan first argues that CSX cannot bring a claim for indemnification because the claim does not arise out of a contractual relationship. Titan relies on *Virginia Elec. & Power Co. v. Wilson*, 221 Va. 979, 277 S.E.2d 149 (1981), where the Supreme Court stated such claim "must necessarily grow out of a contractual relationship." *Id.* at 983. Secondly, Titan argues that CSX has failed to allege facts to support a claim of vicarious liability because they were actively rather than passively negligent. Titan argues that without vicarious liability, there is no basis for indemnification. *See Philip Morris, Inc. v. Emerson*, 235 Va. 380, 411, 368 S.E.2d 268, 285 (1988).

Second, as to contribution, Titan maintains that CSX cannot sue to recover the entire amount of the settlement, attorney's fees, and costs incurred in defending the Griffith suit because, under law, contribution lies only to subject a common burden to be born equally. During argument, counsel for Titan argued that CSX cannot on the one hand plead passive negligence in support of the indemnity claim and on the other assert negligence on its part in support of the contribution claim. According to Titan, pleading rules permit pleading alternate theories but not alternate facts.

Responding, CSX argues that it can pursue indemnification because any requirement that indemnity must arise out of a contractual relationship was *dicta* in *Vepco v. Wilson*. In addition, CSX argues there was no claim of vicarious liability in *Philip Morris*. By necessity, since the FELA permits

recovery for only passive negligence, vicarious liability is not an issue in this case. Finally, as to contribution, CSX concedes that such claim is only for an obligation that must be born equally among joint tortfeasors, as here.

The court will overrule and sustain in part the demurrer. As to indemnification, the court said in *Pulte Home Corp. v. Parex, Inc.*, 265 Va. 518, 579 S.E.2d 188 (2003), that the reference in *Vepco v. Wilson* that an indemnity claim must be founded on contract "is not dicta." *Id.* at 528. *Pulte* was a suit by homeowners against a builder for damages caused by use of a defective stucco product. The builder, Pulte Home Corp., filed a cross-claim against the manufacturer, Parex, for, *inter alia*, breach of implied indemnification. The Supreme Court rejected the builder's argument that the trial court erroneously sustained a demurrer to his claim of equitable indemnification against the manufacturer because it was not contract based. The Supreme Court, relying on *Carr v. The Home Ins. Co.*, 250 Va. 427, 463 S.E.2d 457 (1995), stated:

> We did say in *Carr* that we agreed that "[e]quitable indemnification arises when a party[,] without personal fault, is nevertheless legally liable for damages caused by the negligence of another." *Id.* at 429, 463 S.E.2d at 458. But we also said that "[a] prerequisite to recovery based on equitable indemnification is the initial determination that the negligence of another person caused the damage."

So, whether labeled implied or equitable, an indemnification claim, as here, is assertable without an allegation of contractual relationship as long as there is an allegation of negligence on the part of another alleged joint tortfeasor.

Regarding contribution, the basis for Titan's demurrer is that CSX's claim is for the whole amount it paid to settle with Griffith. On brief, CSX concedes the point, and, to this extent, the demurrer should be sustained on the point as it relates to contribution.

Finally, as to Titan's argument that plaintiff cannot plead alternate facts, Rule 1:4 dealing with General Provisions as to Pleadings provides in (k) that a party may plead two or more alternative statements if they are sufficient if made independently. Further, a party may make separate claims regardless of consistency.

For the forgoing reasons, the demurrer is overruled in part and sustained in part. Mr. McGavin can prepare and submit a consistent order with exceptions noted. The order should allow for any amended pleading to be filed within fifteen days of entry and any response within ten days of receipt of the amended pleadings.