# CIRCUIT COURT OF CAMPBELL COUNTY

Claude M. Royal et al.

> v.

Campbell County et al.

> v.

Joyce Engineering, Inc.

> v.

Stearns, Conrad, and Schmidt,
Consulting Engineers, Inc.

Case No CL05000074-00

Campbell County

> v.

Joyce Engineering, Inc., et al.

> v.

Stearns, Conrad, and Schmidt,
Consulting Engineers, Inc.

Case No. CL07000351-00

BY JUDGE J. MICHAEL GAMBLE

September 17, 2008

I am writing to rule on the pleas in bar of Stearns, Conrad, and Schmidt, Consulting Engineers, Inc. ("SCS") to the third-party and fourth-party complaints of Joyce Engineering, Inc. ("Joyce"). In this regard, I overrule both pleas in bar and grant Joyce's motion to strike the pleas in bar.

These cases arise from the alleged contamination of groundwater, surface water, and air on the real estate of Claude M. Royal, his wife, and their corporation ("Royals"). This contamination is alleged to have come from a landfill operated by Campbell County, Virginia, since 1979. Royals filed their initial lawsuit against the county in 2005, Case No. CL0500074-00. In June 2008, the county filed a third-party complaint against Joyce. It also filed a separate cause of action against Joyce, Case No. CL07000351-00. Thereafter, in May 2008, Joyce filed third-party and fourth-party complaints, respectively, against SCS. Both the third-party complaint and the fourth-party complaint assert claims against SCS for indemnification and contribution. SCS has filed its pleas in bars to both complaints.

Under the allegations in this case, Joyce was employed by Campbell County to provide environmental engineering services related to the landfill. In particular, Joyce was employed by the county to oversee and provide construction and environmental services for Campbell County, prepare reports for regulatory agencies, upgrade the groundwater monitoring system, and oversee the installation of groundwater monitoring wells.

SCS is also an environmental engineering firm. SCS maintains that it was employed by the county to act as a litigation consultant and provide an independent second opinion concerning the services of Joyce. Joyce maintains, however, that SCS actually served as an environmental consultant with oversight responsibilities for direct action taken by the county, including the selection and design of the groundwater remediation system.

Generally, the right to indemnification grows out of a contractual relationship. *Virginia Elec. & Power Co. v. Wilson*, 221 Va. 979, 981-82 (1981). Equitable indemnification, however, can arise when a party is without personal fault, but is nevertheless legally liable for damages caused by the

negligence of another. *Carr v. The Home Ins. Co.*, 250 Va. 427, 429 (1995). Further, a prerequisite to recovery based on equitable indemnification is the initial determination that negligence of another person caused the damage. *Pulte Home Corp. v. Parex, Inc.*, 265 Va. 518, 528 (2003); *Carr v. The Home Ins. Co.*, 250 Va. at 429.

SCS argues that Joyce cannot claim indemnification because Joyce cannot prove that it was without personal fault. Further, SCS argues that certain writings demonstrate that SCS was not negligent and thus cannot be determined to be negligent as required for equitable indemnification.

Implicit in every contract of professional employment is the professional's duty to exercise the care of those ordinarily skilled in the business. *O'Connell v. Bean*, 263 Va. 176, 180 (2002); *Surf Realty Corp. v. Standing*, 195 Va. 431, 442-43 (1983). Engineering, just as architecture, is sufficiently technical to require expert testimony to establish the standard of care and any departure from that standard. *Nelson v. Commonwealth*, 235 Va. 228, 236 (1988).

In their plea, SCS invites the court, based upon pleadings, documents, transcripts, and discovery to find that Joyce is unable to be without fault in this case. While there may eventually be sufficient evidence to find Joyce at fault under the standards for professional engineering services at the trial of this case, the court at this stage cannot rule that this is established as a matter of law. Very simply, this is a matter that must be resolved at trial, or perhaps, on a motion for summary judgment after the evidence has been developed through discovery.

As noted above, a prerequisite to recovery based on equitable indemnification is the initial determination that the negligence of another person caused the damage. *Pulte Home Corp., id.* at 528. SCS argues that Joyce cannot prove that SCS was at fault. This, again, is based upon the pleadings, transcripts, documents, and discovery set forth above. At this stage, the court cannot, as a matter of law, rule that the county or Royals could not find SCS at fault. There is sufficient evidence in the record and otherwise submitted to the court at this time to allow this case to proceed on the possible fault of SCS.

SCS argues that any negligence claims against SCS are barred because Joyce's own writings demonstrate that SCS was not negligent. A review of these documents does not allow the court to agree that the documents rise to the level of a bar at this early stage of the proceedings.

SCS cites the Fairfax County Circuit Court case of *Kristiansen v. William A. Hazel, Inc.*, 33 Va. Cir. 113 (1993), for the proposition that Joyce must prove that the SCS negligence caused the damages for which Joyce is

only vicariously liable. *Kristiansen* is based in large part on *McLaughlin v. Siegel*, 166 Va. 374, 377 (1936), and *Phillip Morris, Inc. v. Emerson*, 235 Va. 380, 411 (1988). A close reading of *McLaughlin* indicates that it is a master and servant case addressing the issue of whether the release of one tort-feasor releases another. It does not address the equitable indemnification issues defined in *Pulte Home Corp.* and *Carr.*

*Phillip Morris, Inc.* stands on the proposition that, if a defendant is guilty of "active negligence," there is no right of indemnification from another defendant. Referring to Texaco, one of the defendants, the Supreme Court noted that the jury found Texaco negligent and therefore Texaco was not entitled to indemnification. Likewise, the Supreme Court held as a matter of law that Phillip Morris was negligent and was precluded from indemnification. *Phillip Morris, Inc.*, 235 Va. at 411-12. These rulings by the Supreme Court are based upon the evidence presented at trial and not an early stage of the proceedings. Likewise, this court must defer until a future stage of the proceedings when evidence of the fault of Joyce, or lack of negligence of SCS, is more fully developed.

The next issue is contribution. SCS correctly notes that a plaintiff cannot recover from a contribution defendant unless the injured party could have recovered against the contribution defendant. *Pierce v. Martin*, 230 Va. 94, 96 (1985). SCS argues that SCS cannot be held liable to the county in the third-party complaint, nor to the county and the Royals in the fourth-party complaint. Much of the argument about whether or not SCS could be held liable to the county is based upon the same pleadings, transcripts, documents, and discovery set forth above. In addition, SCS notes that the county denies that SCS has any liability to it.

At this point, however, the court cannot make a determination that SCS has no liability to the county for a departure from engineering standard of care, nor can the court hold that there are no circumstances where SCS could not be held liable to Royals for breach of a duty of care. The court certainly agrees that liability of SCS to the Royals for breach of a duty of care may be difficult for Joyce to prove. Nonetheless, at this stage, the court cannot rule that Joyce's contribution action must be barred because the documents indicate SCS could not be liable to the Royals.

Next, after a review of the information provided to the court at this point, Joyce certainly has an arguable position that the court could establish that SCS has some liability to the county, and that SCS may have breached a duty of ordinary care and skill required of professional engineers. This is certainly the case with respect to the design, testing, and implementation of the groundwater remediation system.

SCS also correctly notes that a party seeking contribution has the burden of proving the concurrent negligence of other parties as a proximate cause of the injury for which the damages were paid. *Sullivan v. Robertson Drug Co.*, 273 Va. 84, 91 (2007), In this respect, SCS also argues that Joyce cannot prove that SCS was concurrently negligent with Joyce. This is based upon the same argument that SCS was only a consultant and not the design and implementation engineering firm. Again, there is sufficient information before the court for the court to overrule this portion of the plea in bar. The information before the court is sufficient to convince the court that Joyce should be allowed to proceed to establish that SCS is also negligent.

Last, Joyce moves the court to strike the SCS pleas at bar to the third-party complaint and fourth-party complaint. The essence of the motion to strike of Joyce is that a plea in bar is a defensive pleading that reduces the litigation to a single issue and the pleas in bar in the instant cases do not reduce the cases to a single issue. See *Cooper Industries, Inc. v. Melendez*, 260 Va. 578, 594 (2000) (quoting *Kroger Co. v. Appalachian Power Co.*, 244 Va. 560, 562 (1992)). Further, the party asserting a plea in bar bears the burden of proof. *Baker v. Poolservice Co.*, 272 Va. 677, 688 (2006).

After a review of the SCS pleas in bar, the court finds that the pleas in bar do not reduce the litigation to a single issue. The arguments supporting the pleas in bar to contribution and indemnity actions of Joyce are based on theories that Joyce had fault, SCS was not negligent, SCS has no liability, and Joyce cannot meet its burden of proof. These are not single issues that are appropriately addressed by a plea in bar.

September 30, 2008

I am writing to rule on the demurrers of Stearns, Conrad, and Schmidt Consulting Engineers, Inc., to the third-party and fourth-party complaints of Joyce Engineering, Inc. In this regard, I overrule the demurrers.

These cases arise from the alleged contamination of groundwater, surface water, and air on the real estate of Claude M. Royal, his wife, and their corporation. This contamination is alleged to have come from a landfill operated by Campbell County, Virginia, since 1979. Royals filed their initial lawsuit against the county in 2005 (CL0500074-00). In June 2008, county filed a third-party complaint against Joyce. It also filed a separate cause of action against Joyce (CL07000351-00). Thereafter, in May 2008, Joyce filed third-party and fourth-party complaints, respectively, against SCS. Both the third-party complaint and the fourth-party complaint assert claims against SCS for indemnification and contribution. SCS has filed its demurrers to both complaints.

Under the allegations in this case, Joyce was employed by Campbell County to provide environmental engineering services related to the landfill. In particular, Joyce was employed by the county to oversee and provide construction and environmental services for Campbell County, prepare reports for regulatory agencies, upgrade the groundwater monitoring system, and oversee the installation of groundwater monitoring wells.

SCS is also an environmental engineering firm. SCS maintains that it was employed by the county to act as a litigation consultant and provide an independent second opinion concerning the services of Joyce. Joyce maintains, however, that SCS actually served as an environmental consultant with oversight responsibilities for direct action taken by the county, including the selection and design of the groundwater remediation system.

A demurrer only tests the sufficiency of the factual allegations to determine whether the complaint states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252 (1993). In reviewing the sufficiency of the complaint on a demurrer, the court must consider as true all material facts that are properly pleaded, facts that are impliedly alleged, and facts that may be fairly and justly inferred from the facts alleged. *Luckett v. Jennings*, 246 Va. 303, 307 (1993). In other words, a demurrer tests only the legal sufficiency of a pleading and not matters of proof. *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 402-03 (1991).

SCS maintains that the third-party and fourth-party complaints of Joyce fail to state a claim for indemnity because they do not allege any contract between Joyce and SCS. SCS asserts that indemnity must grow out of a contractual relationship. *Virginia Elec. & Power Co. v. Wilson*, 221 Va. 979, 981-82 (1981).

While indemnity can arise out of a contractual relationship, it can also arise when a party, without personal fault, is legally liable for the damages caused by the negligence of another. This is equitable indemnification. *Carr v. The Home Ins. Co.*, 250 Va. 427, 428 (1995). The distinction between contractual indemnity and equitable indemnity was discussed in *Pulte Home Corp. v. Parex, Inc.*, 265 Va. 518, 528 (2003). The allegations in the third-party and fourth-party complaints are sufficient to allege equitable indemnification.

SCS also argues in its demurrers that Joyce cannot claim indemnification because Joyce is not without personal fault. SCS is correct that there can be no equitable indemnification unless the party seeking indemnification is without personal fault. *Pulte*, 265 Va. at 528; *Carr*, 250 Va. at 429. However, in its third-party and fourth-party complaints, Joyce clearly

alleges that any damages claimed by Campbell County were not caused by "any act, omission, or breach of duty by Joyce." On a demurrer, as noted above, the court must accept these allegations as true.

The arguments advanced by SCS appear to be based on a construction of documents and evidence beyond the third-party and fourth-party complaints of Joyce. This invites the court to go beyond the allegations and reasonable inferences from these complaints to sustain the demurrer of SCS. This would be improper.

SCS next argues that the third-party and fourth-party complaints fail to state a claim upon which relief can be granted for indemnification because Joyce seeks solely economic losses. SCS is correct that the "economic loss rule" does not allow a party to recover for purely economic losses from another party unless there is privity of contract. *Ward v. Ernst & Young*, 246 Va. 317, 327-28 (1993); *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 425 (1988).

SCS argues that Joyce seeks solely economic damages in its third-party and fourth-party complaints. As noted by Joyce, however, the underlying consideration of tort law is the protection of persons and property from injury. *Filack v. George*, 267 Va. 612, 618 (2004). Campbell County's claims against Joyce in both cases are based upon the claims of Royals in Case No. CL05000074. In that case, Royals seek damages for loss of use of their property, diminution in value of their property, loss of rental value, loss of past and future profits, damage to real and personal property, remediation costs, loss of income, and out-of-pocket expenses. These are not "purely economic losses" that implicate the economic loss rule. Accordingly, the allegations in the third-party and fourth-party complaints are sufficient to allege indemnification based on tortious injury to property.

SCS further argues that Joyce has not stated a claim upon which relief can be granted for contribution against SCS. As noted by SCS, a contribution plaintiff cannot recover from a contribution defendant unless the injured party could have recovered against the contribution defendant. *Pierce v. Martin*, 230 Va. 94, 97 (1985). Further, a party seeking contribution must prove the concurring negligence of the party was a proximate cause of the injury. *Sullivan v. Robertson Drug Co.*, 273 Va. 84, 91 (2007).

In both the third-party and fourth-party complaints, Joyce alleges that the negligence of SCS contributed to, or was the sole proximate cause of, any damages that may be awarded to Campbell County. This is based upon the factual allegations of Joyce in its complaints that if the groundwater remediation system is determined to be deficient, it was caused by the negligence of SCS. These, along with the other allegations in the third-party

and fourth-party complaints are sufficient to state a claim upon which relief can be granted for contribution. The court, at this stage, cannot go beyond the specific allegations and reasonable inferences from these allegations.

SCS further suggests that because there was not privity between SCS and the Royals, SCS does not owe the Royals any duty. Accordingly, SCS maintains that there could be no recovery by the Royals against SCS, and thus the fourth-party complaint cannot state a cause of action.

The court again disagrees with this analysis. If the Royals' property was damaged by failure of SCS to comply with a duty of care in the design of its system, it may be possible for the Royals to recover against SCS. At the least, the allegations in the fourth-party complaint are sufficient to satisfy the requirements that the pleadings state a claim upon which relief can be granted. Further, even if SCS did not have any liability to the Royals, it may have liability to the county for negligent design of a remediation system that caused damage to the Royals. Thus, the county would have a cause of action on its third-party claim against SCS based upon the county's liability in tort to the Royals.

February 25, 2009

I am writing to rule on the demurrer of Joyce Engineering, Inc., to the First Amended Third-Party Complaint ("First ATPC") [in Case No. CL05000074-00]. The demurrer is overruled.

Joyce maintains that Campbell County fails to allege any facts in support of a cause of action for indemnification. Rule 3:2(c) requires that the complaint ask for specific relief sought and contain an *ad damnum* clause stating the amount of damages sought. These requirements have been met in the First ATPC.

Next, Rule 1:4(d) requires that a pleading "state the facts on which the party relies in numbered paragraphs." Further, it is stated that the pleading is sufficient if "it clearly informs the opposite party of the true nature of the claim or offense." Additionally, Rule 1:4(j) states that "[B]revity is enjoined as the outstanding characteristic of good pleading."

The Supreme Court has held that, even though a complaint may not be perfect, where it is drafted so that the defendant cannot mistake the true nature of a claim, the trial court should overrule the demurrer. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993); *Alexander v. Kuykendall*, 192 Va. 8, 14-15 (1951).

In the instant case, the First ATPC is truly a brief pleading. Nonetheless, it does contain sufficient allegations and material facts to inform Joyce of the nature and character of the claim. In particular, it refers to the

prior suit by the Royals, it refers to the contractual relationship between Joyce and Campbell County, it refers to breach of duties owed to Campbell County pursuant to the contract, and it requests damages if Campbell County is held liable to the Royals. These allegations, while sparse, are sufficient to put Joyce on notice that Campbell County is seeking either contractual indemnification or equitable indemnification from Joyce if it is held liable to the Royals.

Further, while it is helpful to state the actual cause of action upon which relief is being sought, this is neither required under the Rules of Court or under the case decisions. It is simply necessary that the defendant be informed of the nature and the character of the claim.

Joyce also asks in its demurrer that the court rule that Campbell County cannot base a claim on three of the fourteen documents because they were not mentioned in Campbell County's supplemental bill of particulars. This portion of Joyce's demurrer is overruled because the court is being invited to venture beyond the text of the pleadings and rule on matters that may be relevant to proof at trial. The Supreme Court has held that on demurrers trial courts are not required to descend into statements of details of proof. *Hunter v. Burroughs*, 123 Va. 113, 129 (1918). Once this court has found that the pleadings are sufficient, it is not necessary to rule, prior to trial or evidentiary motions, on whether or not certain documents are sufficient for proof.

February 26, 2009

I am writing to rule on the demurrer of Joyce Engineering, Inc., to the Second Amended Complaint in the above case [CL07000351-00]. The demurrer to the August 13, 1992, and June 18, 1993, documents is overruled. The demurrer to the claim for attorney's fees and costs is sustained. The demurrer to the violation of 18 VAC 10-20-690 is sustained.

Joyce demurs to the August 13, 1992, document and the June 18, 1993, document because Campbell County does not make any reference to any contractual obligations in these documents in its bill of particulars. These documents, however, were produced in response to the motion craving oyer. Further, they are documents that are part of a series of contractual documents between Joyce and Campbell County. Any of these documents may be relevant to the Campbell County cause of action against Joyce for failure to perform its contractual duties. As noted by the Supreme Court, on demurrers, trial courts are not required to descend into statements of details of proof. *Hunter v. Burroughs*, 123 Va. 113, 129, 96 S.E. 360 (1918).

Virginia follows the "American Rule" for the recovery of attorney's fees. Under the American Rule, attorney's fees are not recoverable unless there is a specific contractual or statutory provision authorizing the recovery of attorney's fees. *Mullins v. Richlands National Bank*, 241 Va. 447, 449, 403 S.E.2d 334 (1991). Campbell County has cited no such contractual provision or statute. Accordingly, the demurrer is sustained as to the attorney's fees and the claim for attorney's fees is dismissed.

Joyce also demurs to the allegation that Joyce was required by 18 VAC 10-20-690 to advise Campbell County in a manner to protect the health, safety, and welfare of the general public. A "professional" is defined by 18 VAC 10-20-10 as "an architect, professional engineer. . . who is licensed or certified." By the use of the word "professional," the administrative code applies this requirement to individual professional engineers rather than to a corporation such as Joyce.

Additionally, Campbell County is attempting to apply an administrative regulation for the conduct of professional engineers to its contractual relationship with Joyce. There is nothing in my review of the administrative code to indicate that the provisions of 18 VAC 10-20-690 are intended to be applied to contractual relationships of professional engineers. To the contrary, it appears to apply to the requirements for licensing of professional engineers.