## CIRCUIT COURT OF HANOVER COUNTY

Travelers Property
Casualty Co. of Am.
a/s/o Covenant Woods

    v.

Premier Project
Management Group, L.L.C.

    v.

The Haskell Co.
of Florida et al.

May 7, 2009

Case No. CL08000728-00

BY JUDGE J. OVERTON HARRIS

Before the Court are the demurrers of fifteen third-party defendants to the Third-Party Complaint of Defendant Premier Project Management Group, L.L.C. (PPMG). Four additional third-party defendants have not answered the Third-Party Complaint or otherwise appeared in this case. The Court heard arguments on the demurrers on March 27, 2009, and took the matter under advisement. Upon thorough review of the pleadings and the law, the Court finds as follows.

## I. *Background*

On February 2, 2006, the Covenant Woods retirement complex was the site of a massive and destructive fire. The inferno resulted in a significant loss of housing for the elderly and millions of dollars in damages. Upon investigation, the cause of the fire was determined to be an ignited pile of trash on the balcony of a building then under construction. No determination has ever been made as to whose trash constituted the pile or who may have caused the trash to catch fire.

The damage caused by the fire was borne financially by Travelers Property Casualty Company of America (Travelers), the property insurer for Covenant Woods. Travelers subsequently filed this suit, seeking indemnification due to alleged negligence and breach of contract on the part of PPMG, the property managers Covenant Woods contracted to oversee the site.

PPMG then filed its Third-Party Complaint against nineteen defendants. The first count of the Third-Party Complaint is asserted against one defendant, The Haskell Group of Florida (Haskell). Haskell was the general contractor in charge of the construction that was underway at the time of the fire. Count I alleges that PPMG has a right to contribution and contractual indemnity based on Haskell's own contract with Covenant Woods, a contract to which PPMG was not a party.

Count II is lodged against the remaining defendants, all of whom allegedly had employees present on the Covenant Woods worksite prior to the fire. The claimed causes of action against these defendants are common law contribution and indemnity, based on the theory that each defendant had a common law duty not to negligently accumulate flammable trash and allow it to catch fire.

## II. *Standard of Review*

A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted. Code of Virginia § 8.01-273. A demurrer admits the factual pleadings to be true and accepts any reasonable factual inferences fairly and justly drawn from them. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Id.*

## III. *Count I*

PPMG's allegation in Count I is based on a clause in Haskell's contract which states:

> To the greatest extent permitted by law, Contractor shall indemnify and hold harmless Owner, its employees, agents, and other contractors from and against all damages, losses, expenses, claims, or liabilities . . . incurred by or asserted against Owner . . . for loss of or damage to property . . . to the extent arising out of the Contract or the performance of the Work. . . .

Haskell's contract also states:

> Contractor at all times shall keep the Site free from accumulation of excess waste materials or rubbish caused by or resulting from the Work. . . .

PPMG claims that it is an "agent" or "other contractor" as contemplated in Haskell's contract and that Haskell's alleged failure to keep the Site free of "excess waste materials" breached its duty under the contract. PPMG's claim is under the "third-party beneficiary doctrine," which states that a party not in privity to a contract may maintain an action under that contract if a promise is made, in whole or in part, for its benefit. Code of Virginia § 55-22.

Haskell counters that its contract with Covenant Woods has yet another, more controlling clause:

> The Contract is intended to be solely for the benefit of Owner and Contractor and their successors and permitted assignees and is not intended to and shall not confer any rights or benefits on any third party . . . not a signatory hereto.

In *Richmond Shopping Center v. Wiley N. Jackson Co.*, 220 Va. 135, 255 S.E.2d 518 (1979), the Supreme Court of Virginia faced the same issue. A third party sought a cause of action under a contract that contained a provision specifically excluding rights and benefits to parties to the contract. *Richmond Shopping Center*, 220 Va. at 142-43. The Court found that it would be improper to attempt to discern third-party benefits from other parts of the contract where unambiguous terms had already specifically dealt with and disposed of them. *Id.* at 143.

As in *Richmond Shopping Center*, this Court need not look elsewhere in the contract, nor beyond its four corners, to determine the clear intent

manifested by the parties thereto. *Id.* at 142. Covenant Woods and Haskell unambiguously expressed their intention to deny third parties any rights or benefits under the contract. The contract provides PPMG no cause of action, and Haskell's demurrer is thus sustained.

## IV. *Count II*

The remaining third-party defendants claim three reasons why PPMG has failed to plead a cause of action against them. The first is the economic loss rule, whereby a party not in privity with a defendant cannot recover for a purely economic loss. The second is that contribution is disallowed because Covenant Woods itself has no cause of action against the third-party defendants. The third is that equitable indemnification is disallowed because there has been no initial finding that the negligence of any of the defendants caused the damages.

### A. *Economic Loss Rule*

The economic loss rule stands for the proposition that where there is no privity between the parties and a claimed loss is purely economic, the only remedy is in contract. *Sensenbrenner v. Rust*, 236 Va. 419, 425, 374 S.E.2d 55, 58 (1988); *Blake Construction Co. v. Alley*, 233 Va. 31, 34-35, 353 S.E.2d 724, 726 (1987). If PPMG claimed that the defendants caused bodily harm or damaged PPMG property, a cause of action in tort could lie. *Blake*, 233 Va. at 34-35. In a claim for purely economic damages, however, no duty of care or skill may be imposed absent a contract, and so there is no tort cause of action. *Id.*

PPMG's count against the remaining third-party defendants is clearly a tort claim based upon an alleged breach of an alleged duty of care. Its claim of damages is nothing more than the money Travelers seeks as indemnification from PPMG, a purely economic loss. The demurrers of the remaining third-party defendants are thus sustained due to the economic loss rule.

### B. *Contribution*

Regardless of the economic loss rule, PPMG has failed to state a cause of action for contribution. A contribution cause of action arises where parties are jointly liable and may thus seek contribution from one another. *Thweatt's Adm'r v. Jones, Adm'r*, 22 Va. (1 Rand.) 328 (1823). Contribution is only enforceable, however, where the injured party – in this case Covenant

Woods – has a right of action against the party from whom contribution is sought. *VEPCO v. Wilson*, 221 Va. 979, 981, 277 S.E.2d 149, 150 (1981).

Covenant Woods has no right of action against any of the third-party defendants because it agreed to subrogate them, contracting with Haskell to provide insurance for the project. *See Walker v. Vanderpool*, 225 Va. 266, 271-72, 302 S.E.2d 669, 672 (1983). Such a contractual agreement is an express waiver of potential liability, and shifts the risk of loss from the owner and intended beneficiaries to the insurance company. *Blue Cross & Blue Shield of S.W. Va. v. McDevitt & Street Co.*, 234 Va. 191, 196-97, 360 S.E.2d 825, 828 (1987). Under these circumstances, Covenant Woods is precluded from recovering from the third-party defendants, even for their negligence. *Walker*, 225 Va. at 271. Absent Covenant Woods' enforceable cause of action against the third-party defendants, PPMG has no cause of action for contribution. *Wilson*, 221 Va. at 981.

## C. *Indemnity*

PPMG has also failed to state a cause of action for indemnity. A cause of action for indemnity arises when an innocent party is nevertheless legally liable for the negligence of another. *Carr v. Home Ins. Co.*, 250 Va. 427, 429, 463 S.E.2d 457, 458 (1995). If proper, the innocent party may recover from the negligent party the amounts paid to discharge the liability. *Id.* A prerequisite to an indemnity cause of action, however, must be an initial determination that the damages were caused by the negligence of the third party. *Id.* The cause of action must also arise from a contractual relationship between the innocent party and the negligent third party. *Wilson*, 221 Va. at 981-82.

No determination of any kind has been made that the negligence of any third-party defendant caused the damages alleged in this suit. There is no contractual relationship between PPMG and any third-party defendant. PPMG thus has no cause of action for equitable indemnification, even if the economic loss rule did not apply in this case.

## V. *Conclusion*

Having sustained the demurrers filed by fifteen of the third-party defendants in this case, the Court dismisses the Third-Party Complaint without prejudice as to those defendants. PPMG is granted twenty-one days from the entry of the order to amend the Third-Party Complaint to state a cause of action.