## CIRCUIT COURT OF FAIRFAX COUNTY

Dennis A. Rapine

 v.

A. E. Outfitters
Retail Co.

 v.

Rectenwald Bros.
Construction, Inc.

January 31, 2006

Case No. CL-2004-223356

BY JUDGE JONATHAN C. THACHER

 This matter came on November 4, 2005, for a hearing on Third-Party Defendant Rectenwald Brothers Construction, Inc.'s Demurrer to A. E. Outfitters Retail Co.'s Third-Party Motion for Judgment. After considering counsels' arguments and reviewing the applicable law, the Court reaches the findings and conclusions stated below.

### I. *Background*

 This is a personal injury case, in which the plaintiff, Mr. Rapine, was injured at an American Eagle Outfitters store in Tyson's Corner Center in Tyson's Corner, Virginia. Mr. Rapine was performing work for his employer,

154

Checkpoint Security Systems, pursuant to a contract for installation of a security system at the store. According to Mr. Rapine's Amended Motion for Judgment, the plaintiff was injured while being let out of the store through a service door at the rear of the store. There were allegedly some boxes piled up behind the door, and the employee who was letting Mr. Rapine out of the store had to push the door against the boxes, which in turn pushed up against a metal panel that was leaned against the hallway wall behind the door. The metal panel fell and struck Mr. Rapine, causing him injuries.

This Demurrer comes on the Third-Party Motion for Judgment filed by A. E. Outfitters Retail Co. ("A. E. Outfitters") against Rectenwald Brothers Construction, Inc. ("Rectenwald"). According to the Third-Party Motion for Judgment, Rectenwald was performing renovation work at the store at the time of Mr. Rapine's injury and negligently placed the metal panel which fell and caused Mr. Rapine's injuries. The Third-Party Motion for Judgment seeks contribution or indemnity from Rectenwald if Mr. Rapine recovers against A. E. Outfitters on a theory of negligence (Count I) and seeks indemnity from Rectenwald pursuant to an indemnity clause in the contract between A. E. Outfitters and Rectenwald (Count II).

## II. *Discussion*

A demurrer "admits the truth of all material facts properly pleaded . . . the facts admitted are those expressly alleged, those which can fairly be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277 (1993). In ruling upon a demurrer, the issue is whether the facts alleged in the Motion for Judgment along with the facts that may be reasonably and fairly implied by or inferred therefrom are sufficient to support the causes of action under the theories of liability to which those facts relate. *Yuzefovsky v. St. John's Wood Apartments*, 261 Va. 97, 540 S.E.2d 134 (2001).

For the reasons set forth below, Rectenwald's Demurrer to Counts I and II of the Third-Party Motion for Judgment is overruled.

### A. *Count I: Negligence Claim*

Rectenwald demurs to Count I of the Third-Party Motion for Judgment, arguing that, under Virginia law, A. E. Outfitters cannot seek contribution from Rectenwald without Mr. Rapine having a viable cause of action against

Rectenwald. Rectenwald asserts that, since Mr. Rapine cannot and has not sued Rectenwald, a claim for contribution cannot stand. Further, Rectenwald argues that since the Third-Party Motion for Judgment incorporates Mr. Rapine's Motion for Judgment (which implicates A. E. Outfitters as the negligent party causing the injury), A. E. Outfitters may not receive contribution from Rectenwald for its own negligence.

Rectenwald cites *VEPCO v. Wilson*, 221 Va. 979, 277 S.E.2d 149 (1981), in support of its demurrer to Count I. However, that case, upon a closer reading, actually supports A. E. Outfitter's position rather than Rectenwald's. In Virginia, by statute, contribution among wrongdoers may be enforced when the wrong results from negligence and involves no moral turpitude. Va. Code § 8.01-34. However, the statute "does not create any greater liability than existed before its enactment." *VEPCO*, 221 Va. at 981. Thus, "before contribution will be permitted, a right of action by the plaintiff must exist as to the joint tortfeasor against whom contribution is sought." *Id.* In *VEPCO*, while the Court held that the third-party plaintiff had no right of contribution from the third-party defendant, the ruling had nothing to do with the fact that the original plaintiff had not sued the third-party defendant. Rather, the reason that there was no right of contribution was that the original plaintiffs' only avenue of recovery was the Workmen's Compensation Act; had the original plaintiff's claim against the third-party not been so precluded, an action for contribution would have been proper. *Id.* at 980-82. Here, there is no allegation that Mr. Rapine was precluded from bringing suit against Rectenwald, only that he has not done so.

Further, A. E. Outfitters cites *Gemco-Ware, Inc. v. Rongene Mold & Plastics Corp.*, 234 Va. 54, 360 S.E.2d 342 (1987), in support of its opposition to the Demurrer. The *Gemco-Ware* Court explained that, "in order for contribution to lie, the injured party's cause of action against the third-party need not be *presently* enforceable; it merely is necessary that the plaintiff, at *some time* in the past, have had an enforceable cause of action against the party from whom contribution is sought." *Gemco-Ware*, 234 Va. at 58 (emphasis in original). Accordingly, the Court held that the third-party plaintiff had a right of contribution against the third-party defendant despite the fact that the original plaintiff never sued the third-party defendant, and that the potential claim against the third-party defendant was time-barred by the time the third-party plaintiff sued for contribution.

Here, although A. E. Outfitters' Third-Party Motion for Judgment "incorporates" Mr. Rapine's Motion for Judgment, it also clearly alleges negligence against Rectenwald for leaving the metal panel in an unsafe

position or location, causing injury to the plaintiff. If this is true – and the facts alleged in the Third-Party Motion for Judgment are taken as true for demurrer purposes – Mr. Rapine had a cause of action against Rectenwald for his injury. Therefore, it is immaterial whether Mr. Rapine actually sued Rectenwald. The fact that he could have sued them at some point, if the facts in the Third-Party Motion for Judgment are taken as true, allows A. E. Outfitters to bring an action for contribution against Rectenwald. Accordingly, Rectenwald's Demurrer as to Count I is overruled.

## B. *Count II: Contract Claim*

It should be noted at the outset of this section, that the *VEPCO* Court stated that the principles enunciated in that case with respect to contribution are "equally applicable to indemnity," the only distinguishing feature being that indemnity "must necessarily grow out of a contractual relationship." *VEPCO*, 221 Va. at 981-82.

Rectenwald demurs to Count II of the Third-Party Motion for Judgment, arguing that A. E. Outfitters is not entitled to indemnity under the contract as a matter of law, because A. E. Outfitters incorporated Mr. Rapine's Motion for Judgment into its Third-Party Motion for Judgment and Mr. Rapine's Motion for Judgment alleges negligence against A. E. Outfitters for placing boxes near the door. Thus, A. E. Outfitters should not be entitled to indemnity since the contract does not indemnify A. E. Outfitters for their own negligence. Rectenwald also asserts another ground on which Count II of the Third-Party Motion for Judgment is susceptible to attack. Again, Rectenwald points out that the Third-Party Motion for Judgment incorporates Mr. Rapine's Motion for Judgment and argues that the Third-Party Motion for Judgment therefore fails to state a claim because Mr. Rapine's Motion for Judgment only implicates A. E. Outfitters. Therefore, since Mr. Rapine's work on the security system in the store was not part of the "work" under the construction contract covered by an indemnity provision, A. E. Outfitters is not entitled to indemnity.

In pertinent part, paragraph 7.4 of the Work Agreement Between A. E. Outfitters Retail Company and Contractor ("the Work Agreement") states: "Contractor [Rectenwald] shall indemnify and hold harmless the Owner [A. E. Outfitters] . . . from and against all claims, damages, losses, and expenses . . . arising out of, relating to, or resulting from the performance of the Contractor's Work under the Contract Documents."

First, as stated above, the incorporation of Mr. Rapine's Motion for Judgment does not render the Third-Party Motion for Judgment legally insufficient. While Mr. Rapine's Motion for Judgment does allege negligence on the part of A. E. Outfitters, the Third-Party Motion for Judgment also clearly alleges negligence on the part of Rectenwald in placing the metal panel in an unsafe position or location. Under the clear language of the contract, A. E. Outfitters is indemnified against claims arising out of Rectenwald's negligence in performing the renovation work. Although it is alleged by Mr. Rapine that A. E. Outfitters acted negligently, the Third-Party Motion for Judgment alleges that it was Rectenwald's negligence with regard to the metal panel for which A. E. Outfitters is seeking contribution. Thus, the demurrer cannot be sustained on this ground.

Second, although Mr. Rapine's Motion for Judgment does not allege negligence against Rectenwald, the Third-Party Motion for Judgment clearly alleges negligence against Rectenwald for placing the metal sheet in a dangerous position. The incorporation of the original plaintiff's Motion for Judgment does not render the allegations in the Third-Party Motion for Judgment ineffective to state a claim. It is irrelevant that Mr. Rapine's work on the security system under a different work contract is not covered by the indemnity provision in the Work Agreement. Admitting the truth of the factual allegations in the Third-Party Motion for Judgment, it is clear that A. E. Outfitters is claiming entitlement to indemnity for *Rectenwald's negligence* while performing the renovation work at the store, which *is* covered by the indemnity provision in the Work Agreement. Therefore, the demurrer cannot be sustained on this ground either.

### III. *Conclusion*

Third-Party Defendant Rectenwald Brothers Construction, Inc.'s Demurrer is hereby overruled.

### *Order*

This matter came to be heard on November 4, 2005, on the Third-Party Defendant Rectenwald Brothers Construction, Inc.'s Demurrer to A. E. Outfitters Retail Co.'s Third-Party Motion for Judgment. It appears to the Court that Counts One and Two of the Third-Party Motion for Judgment sufficiently state causes of action against Third-Party Defendant Rectenwald Brothers Construction, Inc. It is, therefore, adjudged, ordered, and decreed

that Third-Party Defendant Rectenwald Brothers Construction, Inc.'s Demurrer is overruled. The Third-Party Defendant shall file its Answer and Grounds of Defense to these counts within fourteen days of the entry of this order.