118

## CIRCUIT COURT OF THE CITY OF NORFOLK

Katelyn Kelley Schaffer,
an infant, etc., et al.

v.

Nicole N. Gildon et al.

January 30, 2003

Case No. (Law) CL02-813

BY JUDGE MARC JACOBSON

This matter comes before the Court on the Motion for Leave to File Third-Party Motion for Judgment (Motion) by Defendant Nicole N. Gildon, C.N.M.

Katelyn Kelley Schaffer, an infant, who sues by and through her parents and next friends, Vera Kaye Schaffer and Thomas D. Schaffer, and Vera Kaye Schaffer and Thomas D. Schaffer, Individually, have filed a Motion for Judgment against Gildon, *et al.*, alleging that Defendants were negligent in their treatment of Vera Kaye Schaffer during her labor, resulting in pre-natal injury to Katelyn Kelley Schaffer. (Pls.' Mot. for J., at ¶¶ 12-21.)

Gildon filed a Grounds of Defense and subsequently filed the Motion now before the Court.

In her Memorandum in Support, Gildon asserts that Plaintiffs are without standing to oppose her Motion. (Def.'s Mem. in Supp., at 2.) Even assuming, for the sake of argument only, that standing is at issue, inquiry must be made by this Court to determine whether leave to file Gildon's Motion may be properly granted in the instant case.

When, as in the instant case, Gildon seeks to file a Third-Party Motion for Judgment more than twenty-one days after the original pleading in response, she must obtain leave of Court. Va. Sup. Ct. R. 3:10(a) (2002). Rule 3:10(a) permits a defendant to "file and serve a third-party motion for judgment upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." *Id.* "Under Rule 3:10, a defendant can bring in a third-party defendant only for the purpose of passing through to the third-party defendant all or part of the liability that might be imposed on the defendant by the plaintiff as a result of the conduct of the third-party defendant." *Valley Landscape Co. v. Rolland*, 218 Va. 257, 263, 237 S.E.2d 120, 124 (1977). In effect, Rule 3:10(a) is available for the purpose of contribution.

There is "a right of contribution only where the person injured has a *right of action* against two persons for the same indivisible injury." *VEPCO v. Wilson*, 221 Va. 979, 980-81, 277 S.E.2d 149, 150 (1981) (citing former Va. Code § 5779 (1919), now Va. Code § 8.01-34 (2002)) (no right to third-party motion for judgment against contractor because the injured parties', his employees, exclusive remedy was under the Workers' Compensation Act) (emphasis in original); *see also Norfolk S. R.R. v. Gretakis*, 162 Va. 597, 174 S.E. 841 (1934) (no right to contribution against a father by a railroad because the injured party had no cause of action under the then-existing doctrine of parental immunity). There will be no right to contribution, unless "*a cause of action lies against the alleged wrongdoer from whom contribution is sought.*" *VEPCO*, 221 Va. at 980-81, 277 S.E.2d at 150 (citing former Va. Code § 8-627, now Va. Code § 8.01-34) (emphasis in original).

In the instant case, Plaintiffs do not have a right of action against Sentara Leigh Hospital. Va. Code § 38.2-5000, *et seq.*, the Virginia Birth-Related Neurological Injuries Compensation Act, limits Plaintiffs' remedies for the alleged injuries. Subsection 38.2-5002(B) states that the Fund is Plaintiffs' exclusive remedy, with certain limited exceptions.[1] Va. Code Ann. § 38.3-5002(B) (2002). The exceptions only grant Plaintiffs the limited right to sue non-participating physicians and hospitals. Va. Code Ann. § 38.3-5002(D) (2002). All parties admit that Sentara is a participating Hospital.

---

[1] "Except as provided in subsection D, the rights and remedies herein granted to an infant on account of a birth-related neurological injury *shall exclude all other rights and remedies* of such infant, his personal representative, parents, dependents, or next of kin, at common law or otherwise arising out of or related to a medical malpractice claim with respect to such injury." Va. Code Ann. § 38.2-5002(B) (emphasis added).

120

(Stipulations Agreed to by Pls. & Def. Gildon, at ¶ 3.) Therefore, under subsection 38.2-5002(B), Plaintiffs do not have a right of action against Sentara and, accordingly, Defendant has no right to contribution.

As the Virginia Birth-Related Neurological Injuries Compensation Act bars Plaintiffs from seeking any remedy against Sentara, Gildon cannot seek contribution from a party Plaintiffs may not themselves sue and, accordingly, Gildon's Motion is denied.