# CIRCUIT COURT OF ROANOKE COUNTY

James R. Harman

    v.

Tracie Dowell Nininger
and Jeffrey Scott Dupree

    v.

MHM Investments, L.L.C.

August 18, 2011

Case No. CL09-772-02

By JUDGE ROBERT P. DOHERTY, JR.

In order to upgrade the water service for a business, Landowner hired an independent contractor to install a new water line. Part of the installation required that a hole be dug in the middle of the right hand lane of a four-lane highway for the water connection and/or necessary plumbing. Landowner obtained the appropriate permit from The Virginia Department of Transportation to dig in a traveled lane of the highway.

During the course of the project, some of the work was done at night in a lighted construction site using flashing lights, a flagman, and construction cones. Plaintiff claims that one of the Defendants negligently struck a piece of heavy equipment being used by a subcontractor's construction crew and that the other Defendant, negligently and almost simultaneously, struck the first Defendant's vehicle. Plaintiff further alleges that both Defendants

were highly intoxicated when the wreck occurred and that the combined collision caused the death of one construction worker and injured Plaintiff.

Plaintiff, the injured construction worker, sued the Defendant drivers for negligently causing his injuries. Defendant drivers filed a third-party action against the Landowner claiming contribution and indemnity because of Landowner's vicarious liability for negligence while performing inherently dangerous construction work and for creating a public nuisance. Landowner demurred, arguing that, as a matter of law, a public nuisance did not exist and that it cannot be held liable for injury to the construction worker on the facts alleged.

## Inherently Dangerous Activity

Notwithstanding the general rule of non-liability for the acts of an independent contractor, there are exceptions to that rule. Among those is the exception that one who hires an independent contractor may be held liable through the doctrine of *respondeat superior* for injuries to third parties inflicted by the independent contractor if the work contracted is inherently dangerous. *Kessler v. Allen*, 233 Va. 130, 134 (1987); *Southern Floors & Acoustics, Inc. v. Max-Teboah*, 267 Va. 682, 687 (2004). Defendants contend that the work contracted for in this case, specifically the laying of a new water line under the right lane of State Route 419, was an inherently dangerous activity. To constitute an inherently dangerous activity, the work must be dangerous in and of itself and not dangerous simply because of its negligent performance. The inherent danger must be naturally apprehended or reasonably recognizable by the parties when they contract. An inherently dangerous activity is one in which injury to others will definitely occur unless special precautions are taken. *Norfolk & Western Ry. v. Johnson*, 207 Va. 980, 987 (1967). In our case, Landowner contracted with the independent contractor to dig a hole and install a water line in the middle of the right lane of a well-traveled four-lane highway. It was an inherently dangerous activity and required special precautions to be taken for the protection of the public.

## Vicarious Liability

The duty owed to third persons was non-delegable by Landowner because he hired an independent contractor to undertake and complete an inherently dangerous activity. *Ritter Corp. v. Rose*, 200 Va. 736, 742 (1959). His duty to others of the general public was clear. He had to see to it that the independent contractor used special precautions to prevent their injury. *Norfolk & Western Ry. v. Johnson, supra*, at 987. "[A] man who orders a work to be executed, from which, in the natural course of things, injurious consequences to his neighbor must be expected to arise,

cannot relieve himself of his responsibility by employing someone else . . . to do what is necessary to prevent the act he has ordered to be done from becoming wrongful." *Epperson v. DeJarnett*, 164 Va. 482, 487 (1935).

Using the facts as alleged by the Third-Party Plaintiff drivers who are requesting contribution, neither they nor the injured construction worker are among the class of persons being protected by this doctrine. The Third-Party Plaintiff drivers were not injured themselves and therefore cannot contend that Landowner is liable to them directly. Their action is a derivative action. They are suing Landowner for contribution for Plaintiff's injuries for which they alone face potential liability. They claim that, because of Landowner's non-delegable duty to third persons, it is liable to the injured construction worker and therefore a joint tortfeasor with them. They are wrong. That is an incorrect application of the law.

By having such a non-delegable duty, Landowner is liable to the public for the actions of the independent contractor under the doctrine of *respondeat superior. MacCoy v. Colony House Builders, Inc.*, 239 Va. 64, 69 (1990). The inherently dangerous activity doctrine that prevents one who hires an independent contractor from avoiding liability was designed to protect third parties, not the independent contractor or its employees. In fact, Landowner actually steps into the shoes of the independent contractor and becomes liable for his negligent acts and inherits his defenses. *Wintergreen Partners, Inc. v. McGuireWoods, L.L.P.*, 280 Va. 374, 378 (2010). Thus, the workers' compensation defense of the independent contractor, who is the employer of the injured construction worker, becomes the defense of the Landowner.

In addition, before contribution will be permitted, a right of action by the injured Plaintiff must exist as to the joint tortfeasor against whom contribution is sought. *Virginia Electric & Power Co. v. Wilson*, 221 Va. 979, 981 (1981). There is a right of contribution only where the person injured has a right of action against two persons for the same individual injury. *Schaffer v. Gildon*, 61 Va. Cir. 118, 119 (2003). Because the exclusive remedy for Plaintiff against his employer is workers' compensation and because Landowner steps into the shoes of the independent contractor, he is treated as the employer of the injured worker. The Workers' Compensation Act prevents him from being liable to Plaintiff in tort. Accordingly, Landowner is not a joint tortfeasor with Defendant/Third-Party Plaintiff, and a right of action for contribution does not lie against him.

### Contribution and Indemnity

Landowner correctly cites *Virginia Electric & Power Co. v. Wilson*, 221 Va. 979 (1981) to preclude Defendant's indemnity claim. Virginia law allows three types of indemnity: express indemnity, implied indemnity, and equitable indemnity. *Kristiansen v. Hazel*, 33 Va. Cir. 113 (1993). See also *Carr v. Home Ins. Co.*, 250 Va. 427 (1995). Express and implied

indemnities are grounded in contract, and, since there is no contractual relationship between Defendants and Landowner, rights of action for these types of indemnity are not applicable in this case. See *Virginia Electric & Power Co.* at 981-82. Equitable indemnification is available when a party who is without personal fault becomes legally liable for damages caused by the negligence of another. Equitable principles allow the innocent party to recover the amounts paid for the discharge of liability from the negligent actor. *Carr* at 429. In this case, it is clear that Landowner is not directly or vicariously liable in tort to the injured worker or to the Defendants. Therefore, Landowner not being negligent, equitable indemnity does not apply.

The *Virginia Electric & Power Co.* case also precludes the Defendants' contribution claim. In *Virginia Electric & Power Co.*, the court stated that, before contribution will be permitted a right of action by the victim of the tort must lie against the one from whom contribution is requested. *Id.* at 981. Landowner correctly asserts that, because Plaintiff's claim against his employer can only be made through workers' compensation, he is not allowed to also make a tort claim against or through his employer. Because Landowner steps into the shoes of the employer as set forth above, Plaintiff cannot make a claim through his employer against Landowner except under the workers' compensation statute. It is, therefore, not possible for Landowner to become liable in tort to Plaintiff. Landowner cannot, as a matter of law, become a joint tortfeasor with Defendant. *Safeway, Inc. v. DPI Midatlantic*, 270 Va. 285 (2005), and *Schaffer v. Gildon*, 61 Va. Cir. 118 (2003).

The doctrine of *respondeat superior*, applicable to the Landowner because he hired an independent contractor to complete an inherently dangerous task, made the Landowner vicariously liable for the independent contractor's negligence, and it created a master/servant relationship between them. *MacCoy v. Colony House Builders, Inc.*, 239 Va. 64 (1990), and *Norfolk & Western Ry. v. Johnson*, 207 Va. 980 (1967). The independent contractor and its employees, including Plaintiff, became servants/agents of Landowner. Because of this master/servant relationship and Defendants' claim of contribution, Landowner stepped into the shoes of the independent contractor and became the master of the independent contractor and its employees. A master's liability, if any, is solely dependent on the servant's conduct. If the servant maintains an affirmative defense, it necessarily follows that the master is entitled to the same defense. *Roughton Pontiac Corp. v. Alston*, 236 Va. 152, 156 (1988). Landowner is entitled to the workers' compensation exclusion. Without the possibility of a tort claim by the injured employee, Defendant is precluded from claiming contribution.

It is frequently argued that the party seeking contribution and indemnity must have first paid the claim for which it is seeking recovery. While this was the case in Virginia for many years, the enactment of § 8.01-281, Code

of Virginia (1950), as amended allows the pleading of these claims based on future and potential liability. "This provision is a procedural device to promote judicial economy by having all claims, actual or potential, arising from the same transaction or occurrence determined in one proceeding." *Gemco-Ware, Inc. v. Rongene Mold & Plastics Corp.*, 234 Va. 54 (1987). The passage of this statute hereby renders such an argument moot.

Accordingly, for all of the reasons set forth above, the Court sustains the Third-Party Defendants' demurrer thereby making the plea in bar moot.

## Nuisance

Defendants also allege that Landowner is vicariously liable for the tort of nuisance by blocking the public highway and by not having a flagman a distance from the site. In their oral argument, they clarify their allegations that the individuals performing the construction work repeatedly backed a piece of heavy equipment from the closed lane where the work was being performed into the open traffic lane, thereby causing the collision to occur. Landowner denies that a public nuisance existed and cites *Breeding v. Hensley*, 258 Va. 207 (1999), in support of its contention. The Court agrees with Landowner and finds the language of *Breeding* persuasive. The court in *Breeding* held that any unauthorized obstruction that unnecessarily impedes the lawful use of a public street is a public nuisance. *Id.* at 213. However, in order to create a public nuisance, such an unauthorized obstruction must be continuous, uninterrupted, and substantial. It must be more than a sporadic condition or a series of sporadic conditions. *Id.* In the case at hand, the piece of equipment sporadically protruded onto the open lane of the highway. The highway was not continuously obstructed, and, therefore, a public nuisance was not created. See this Court's prior opinion in the companion case of *Bratton, Administrator of the Estate of Richard Linwood Slone v. Nininger*, 80 Va. Cir. 335 (2010), wherein the Court ruled, among other things, that a public nuisance was not created by the alleged failure to follow VDOT regulations regarding a flagman.

The Third-Party Plaintiff's pleading does not actually allege the sporadic encroachment into the traveled lane by heavy equipment. That was orally presented to the Court. Should the Third-Party Plaintiff so request, the Court will allow them to amend their pleading to conform to their oral representations. When that is accomplished, the Court would sustain the demurrer. If Third-Party Plaintiff is satisfied that their oral representations should be treated as though they were actually written into their pleadings, the Court would accept that and sustain the demurrer with regard to the public nuisance count now. A public nuisance did not exist at the time of the injury.