## CIRCUIT COURT OF LOUDOUN COUNTY

Mildred Elliott

   v.

John H. Cook, III, et al.

January 7, 2002

Case No. (Law) 23636

BY JUDGE JAMES H. CHAMBLIN

This medical malpractice case is before the Court on the Demurrer of the Defendants, John H. Cook, III, M.D., John Koh, M.D., and Loudoun Internal Medicine Associates, P.C., (physician defendants), and the Demurrer of Loudoun Hospital Center, Inc., and Loudoun Healthcare, Inc. (hospital defendants) to the Amended Motion for Judgment filed July 27, 2001.

For the reasons hereinafter set forth, the Demurrers are overruled except as to the Demurrer of the physician defendants to subparagraph 9 of paragraph 7 of the Amended Motion for Judgment.

*Demurrer of John H. Cook, III, M.D., John Koh, M.D.,*
*and Loudoun Internal Medicine Associates, P.C.*

Count I of the Amended Motion for Judgment contains a claim of medical malpractice against the physician defendants. In their Demurrer, they argue that Count I fails to state a cause of action against them. I disagree.

Under Rule 3:16(b), an allegation of negligence is sufficient without specifying the particulars of the negligence. Even though a motion for judgment may be imperfect, when it is drafted so that a defendant cannot

mistake the true nature of the claim, the trial court should overrule the demurrer. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277 (1993).

Paragraph 7 of the Amended Motion for Judgment states as follows:

During the month of August in 1998, while delivering medical care to the Plaintiff, the Defendants failed to adhere to the standard of care that would have been adhered to by reasonably prudent internists practicing in Virginia at the time and were negligent, including, but not limited to:

(1) Failing to appropriately evaluate the Plaintiff before prescribing medications for her.

(2) Failing to appropriately monitor or evaluate the effects of the medication she was receiving upon the Plaintiff.

(3) Prescribing medications for Plaintiff which were not appropriate for her medical condition.

(4) Prescribing doses of medications which were not appropriate for Plaintiff's medical condition.

(5) Prescribing medications for Plaintiff to which she had a demonstrated sensitivity.

(6) Prescribing medications for Plaintiff which were contraindicated given her medical condition.

(7) Prescribing medications for Plaintiff which were contraindicated given the medications she had already received or was receiving.

(8) Prescribing medications for Plaintiff which were known to cause complications and/or exacerbate conditions which Plaintiff had already demonstrated.

(9) In such other ways as may come to light as discovery progresses.

I think that the first eight subparagraphs of paragraph 7 of the Amended Motion for Judgment sufficiently allege negligence on the part of the physician defendants. The allegations fairly inform them of the true nature of the claim against them. They are clearly advised that the Plaintiff alleges that they were negligent in prescribing medications for her in August 1998. The identity of the medications, which Defendant prescribed which medication, and the Plaintiff's medical condition are particulars of the alleged negligence.

The physician defendants specifically demur to subparagraph 9 of paragraph 7 of the Amended Motion for Judgment. They argue that it does not

state a cause of action and does not allege sufficient facts upon which relief can be granted. I agree. A motion for judgment is sufficient if it states the "essential facts" of the case and informs the defendant of the "true nature of the claim." Rules 1:4(d) and (j) and 3:16(b). Subparagraph 9 states no facts; and, therefore, fails to inform these Defendants of the true nature of the claim. The Demurrer is sustained on this ground. No leave to replead is granted at this time. If, hereafter, the Plaintiff desires to make a medical malpractice claim against the physician defendants for something other than the alleged negligent prescribing of medications for the Plaintiff in August 1998, then the Plaintiff may file a motion to further amend her motion for judgment.

*Demurrer of Loudoun Hospital Center, Inc.,*
*and Loudoun Healthcare, Inc.*

In their Demurrer, the hospital defendants assert that Count II of the Amended Motion for Judgment fails to state a cause of action against them. The Plaintiff labels Count II as one of corporate liability. These Defendants correctly point out that the claim in Count II includes allegations of negligent hiring, retention, and supervision of the hospital's nursing and planning staffs and a failure to include in the bylaws, rules, and regulations of its medical and pharmacy staff and in its nursing policies and procedures, certain provisions concerning the administration of drugs. It further alleges that the Plaintiff received drugs while in the hospital in August 1998, which she should not have received given her medical condition and other medications she had already received and/or was receiving.

If the hospital defendants are alleging that they are not liable because they are not health care providers, I do not agree. The Amended Motion for Judgment alleges that they operate a hospital. Under Va. Code § 8.01-581.1, a corporation that provides health care or professional services as a hospital is a health care provider. Va. Code § 8.01-581.20, which defines the standard of care to be applied in medical malpractice actions, clearly includes a hospital as a health care provider.

The hospital defendants also argue that Virginia does not recognize a cause of action for negligent hiring or negligent retention except under limited circumstances. They also assert that Virginia does not recognize a cause of action for negligent supervision of an employee. I might agree with them if this were not a medical malpractice case. The cases cited by these Defendants are not medical malpractice cases. Because this is a medical malpractice case, in order to prevail, the Plaintiff must prove by a preponderance of the evidence that the hospital, as a health care provider, violated the standard of

4

care, i.e., that degree of skill and diligence practiced by a reasonably prudent hospital in the Commonwealth. The standard of care is proven by the testimony of an expert witness. See Va. Code § 8.01-581.20. The standard of care applicable to a hospital may very well include the hiring, retention, and supervision of its employees. I cannot rule as a matter of law that, in a medical malpractice action, a hospital cannot be held liable for the negligent hiring, retention, and supervision of its employees. A duly qualified expert witness for the Plaintiff may testify at trial that, as alleged in the Amended Motion for Judgment, the hospital violated the standard of care in the hiring, retention, and supervision of its employees.

For the same reasons stated above as to the other Demurrer, I think that these Defendants are fully informed of the true nature of the claim against them.

The hospital defendants also argue that the Plaintiff has not stated a cause of action by the allegations concerning the failure of the hospital to include in its bylaws, rules, regulations, policies, and procedures certain provisions pertaining to the administration of drugs to patients at the hospital. As the standard of care applicable to the hospital is established by expert testimony, it may very well be that the Plaintiff will offer the testimony at trial of a duly qualified expert that the standard of care for a hospital does include the establishment of such drug administration provisions. I cannot rule as a matter of law that a hospital is not liable for the failure to establish such provisions.

In Count III of the Amended Motion for Judgment, the Plaintiff alleges that the hospital defendants are liable under the Doctrine of Respondeat Superior. The hospital defendants argue that Court III does not state a cause of action. I do not agree. A fair reading of the whole Amended Motion for Judgment informs the hospital defendants that they are alleged to be vicariously liable for the alleged medical malpractice of nurses and pharmacists employed by the hospital in their administration of drugs to the Plaintiff in August 1998.

The Demurrer of the hospital defendants is overruled.