# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

John S. Supchak

    v.

Fuller Construction
Corp. et al.

    v.

Westwood Contractors, Inc.,
G&B Earthworks, Inc.,
and Excel Paving Corp.

July 12, 2013

Case No. CL10-1999

By Judge Randall D. Smith

On February 6, 2013, this matter was before the Court on Defendants' demurrers. The Court has considered the arguments of counsel, the briefs submitted to the Court, and the applicable law. The Court stands ready to rule.

## I. *Background*

John S. Supchak alleges that he was injured on September 19, 2008, as a business invitee at 1417 Battlefield Blvd., a property owned/operated by 1417 Battlefield, L.L.C., and operated/managed by Harmony Investments, Inc. ("Harmony"). Merryman Grounds Maintenance, Inc. ("Merryman") was responsible for grounds maintenance at the property. Fuller Construction Corp. ("Fuller") was performing construction work on the property at the

time, including work on the walkway area. Plaintiff allegedly slipped and fell due to an unexpected drop-off and debris at the edge of the walkway under construction. Plaintiff seeks damages from Fuller and three other entities for his injuries, jointly and severally.

Harmony and 1417 Battlefield, L.L.C., filed a Cross-Claim against Fuller seeking indemnification. (Harmony Ans. ¶ 14.)

Fuller filed a Third-Party Complaint against Westwood Contractors, Inc. ("Westcon"), G&B Earthworks, Inc. ("G&B"), and Excel Paving Corp. ("Excel"). Fuller alleges Westcon and G&B contracted with Fuller to perform service on the walkway and that G&B had contracted with Excel to perform G&B's services for Fuller. Fuller alleges G&B, Westcon, and Excel were performing services for Fuller at the time of Plaintiff's injury. In its Amended Third-Party Complaint, Fuller plead five counts based on the proposition that, if Fuller is liable to Plaintiff or Cross-Claim Plaintiffs, then the Third-Party Defendants are liable to Fuller.

On April 17, 2012, the Court sustained the Third-Party Defendants' demurrers to Counts I, III, IV, and V. The Court overruled Third-Party Defendants' demurrers to Count II. Fuller filed an Amended Third-Party Complaint. Westcon, G&B, and Excel filed demurrers to Fuller's Amended Third-Party Complaint.

## II. *Standard of Review*

"A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Glazebrook v. Board of Supervisors of Spotsylvania County*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). Further, a demurrer "admits the truth of the facts contained in the pleading to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those allegations. A demurrer does not, however, admit the correctness of the pleader's conclusions of law." *Taboada v. Daily Seven, Inc.*, 271 Va. 313, 317, 626 S.E.2d 428, 429 (2006); *Harris v. Kreutzer*, 271 Va. 188, 195, 624 S.E.2d 24, 28 (2006).

To survive a challenge by demurrer, a "pleading must be made with 'sufficient definiteness to enable the court to find the existence of a legal basis for its judgment'." *Eagle Harbor L.L.C. v. Isle of Wight County*, 271 Va. 603, 611, 268 S.E.2d 298, 302 (2006) (quoting *Moore v. Jefferson Hospital, Inc.*, 208 Va. 438, 440, 158 S.E.2d 124, 126 (1967)). Rule 1:4(d) of the Rules of the Supreme Court of Virginia states: "Every pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense.

A trial court is "not permitted on demurrer to evaluate and decide the merits of the allegations set forth in a [Complaint], but only may determine whether the factual allegations of the [Complaint] are sufficient to state a cause of action." *Harris*, 271 Va. at 195–96, 624 S.E.2d at 24 (quoting

*Riverview Farm Assocs. Va. Gen. P'ship v. Board of Supervisors*, 259 Va. 419, 427, 528 S.E.2d 99, 103 (2000)); *accord Almy v. Grisham*, 273 Va. 68, 76, 639 S.E.2d 182, 186 (2007) ("[A] demurrer presents an issue of law, not an issue of fact.").

Virginia Code § 8.01-273 states, in part: "All demurrers shall be in writing and shall state specifically the grounds on which the demurrant concludes that the pleading is insufficient at law. No grounds other than those stated specifically in the demurrer shall be considered by the court."

### III. *Count I: Negligence*

Fuller argues Westcon, G&B, and Excel are liable to Fuller for any amount the Court finds that Fuller is liable to Plaintiff. Fuller claims that Westcon, G&B, and Excel are independent contractors and, therefore, had a duty to protect third parties from injury caused by negligent acts of independent contractors.

It is well established by Supreme Court of Virginia Rule 3:18(b) that an allegation of negligence is sufficient without specifying the particulars of the negligence.

The Supreme Court of Virginia has observed:

> When a . . . complaint contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand demurrer. And, even though a . . . complaint may be imperfect, when it is drafted so that defendant cannot mistake the true nature of the claim, the trial court should overrule the demurrer. . . .

*CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993) (citations omitted). In light of these principles, a demurrer to a complaint on the grounds that it contained only "vague and generic allegations" was overruled where the complaint:

> [R]efers to the duty of [the defendant], it alleges it was negligent in that it "failed to inspect the rear of the trailer for proper lighting, and carelessly and negligently failed to maintain proper or sufficient lighting on the rear of the trailer and further carelessly and negligently failed to inspect the underride guard and negligently failed to maintain the trailer and its underride guard."

*Dudley v. Cash*, 82 Va. Cir. 1, 9 (2010).

Similarly, another circuit court overruled a demurrer on the same grounds for eight subparagraphs of a complaint where the plaintiff alleged that a physician had failed to properly evaluate her before prescribing medication, failed to monitor the effects of the medication on her, and that he prescribed medication that was inappropriate for her condition, to which she had a demonstrated sensitivity, were contraindicated, and which were known to cause complications with plaintiff's other conditions. *Elliot v. Cook*, 60 Va. Cir. 1, 2 (2002). However, the circuit court did sustain the demurrer as to one other subparagraph of the complaint, which alleged negligence "[i]n such other ways as may come to light as discovery progresses," on the grounds that it contained no facts and did not alert the defendants to the true nature of the claim. *Id.* at 2-3.

Despite the liberal pleading standard in negligence actions, Fuller has alleged very few facts regarding the negligence of Westcon, G&B, and Excel in the Amended Third-Party Complaint. Fuller has pleaded (1) it contracted with Westcon and G&B and that G&B contracted with Excel, (2) that the parties provided services on the property prior to or at the time of Plaintiff's accident, (3) that Plaintiff allegedly slipped and/or tripped on the property, and (4) that these defendants had duties to the Plaintiff, the public, and Fuller to adopt "safe measures to perform their work and any other necessary protective devices to protect the plaintiff and the public while using the area in which the work was performed."

These allegations appear to be significantly less that the pleadings in *Dudley* and *Elliot*, which contained at least some facts describing how or in what manner the defendants breached their duty of care. Instead, the Amended Third-Party Complaint appears to plead as much negligence as pleaded in the subparagraph for which the demurrer was sustained in *Elliot*. The Third-Party Complaint does not contain any facts of how any duty was breached by these defendants and does not alert them to the true nature of the claim, except that the Plaintiff fell on the premises that these defendants were providing services to during or after the time those services were provided. Therefore, Westcon's, G&B's, and Excel's demurrers are sustained as to Count I.

### IV. *Count II: Breach of Contract*

Fuller argues Westcon, G&B, and Excel are liable to Fuller for any amount the Court finds that Fuller is liable to Plaintiff by virtue of breach of contract.

"The elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff, (2) the defendant's violation or breach of that obligation, and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004). Using the contract itself or its express words is "generally the best and safest mode" of pleading a breach of contract, however the

plaintiff may also make his claim "in equivalent words." *Smith v. Lloyd*, 57 Va. (16 Gratt.) 295 (1862). Additionally, Rule 1:4(d) requires pleadings to "state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense." Va. S. Ct. R. 1:4(d).

Although Fuller has pleaded that it entered into a contract directly with Westcon and G&B and indirectly with Excel, Fuller has failed to plead any facts indicating what obligations were breached by Westcon, G&B, and Excel under the contracts and how Westcon, G&B, and Excel allegedly breached those obligations. Fuller simply references Section 7 of the Subcontract between Westcon and Fuller and Article 4.6 of the Terms and Conditions of Agreement between Contractor and Subcontractor between G&B and Fuller. (Fuller Ex. 5; Fuller Ex. 6.) G&B contracted with Excel to perform part of the work G&B had agreed to perform for Fuller. Section 2.2 of that subcontract states that Excel owes the same duties to Fuller as to G&B. Fuller does not provide any facts as to how Westcon, G&B, or Excel breached their contracts with Fuller. As such, Fuller has failed to plead sufficient facts to show a breach of contract. Therefore, Westcon's, G&B's, and Excel's demurrers are sustained as to Count II.

## V. *Count III: Contractual Indemnity*

Fuller argues Westcon, G&B, and Excel are required to indemnify Fuller either through express contract or by common law/equitable indemnity.

Indemnity is very similar to contribution, except that indemnity "must necessarily grow out of a contractual relationship." *VEPCO v. Wilson*, 221 Va. 979, 982, 277 S.E.2d 149, 150 (1981) (citing *Jennings v. Franz Torwegge Machine Works*, 347 F. Supp. 1288 (W.D. Va. 1972)). Parties to an indemnification agreement are entitled to enforce that agreement. *Farmers Ins. Exch. v. Enterprise Leasing Co.*, 281 Va. 612, 619, 708 S.E.2d 852, 856 (2011). When a party seeks to enforce an indemnity provision in an express contract, "and no provision of the contract provides otherwise, he may recover reasonable attorney's fees and expenses of litigation spent in defense of the claim indemnified against." *Appalachian Power Co. v. Sanders*, 232 Va. 189, 196, 349 S.E.2d 101,106 (1986).

### A. *Express Contract for Indemnification*

Fuller argues that its express contracts with Westcon, G&B, and Excel require the Third-Party Defendants to indemnify Fuller.

Section 7 of the Subcontract between Fuller and Westcon states, "To the fullest extent permitted by law, Subcontractor shall indemnify and hold harmless . . . Contractor. . . . This indemnification . . . shall apply only to the extent that the claim or loss is caused in whole or in part by any negligent act or omission of Subcontractor. . . . This indemnity shall be effective

regardless of whether the claim or loss is caused in some part by a party to be indemnified." (Fuller Ex. 5.)

Article 4.6.1 of the Subcontract between Fuller and G&B states, "To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless . . . the Contractor . . . but only to the extent caused in whole or in part by negligent acts or omissions of the Subcontractor's . . . regardless of whether or not such a claim, damage, loss, or expense is caused in part by a party indemnified hereunder." (Fuller Ex. 6.)

Va. Code Ann. § 11-4.1 provides that certain indemnification provisions in construction contracts are void as against public policy. Specifically:

> any provision contained in any contract relating to the construction of projects other than buildings by which the contractor performing such work purports to indemnify or hold harmless another party to the contract against liability for damage arising out of bodily injury to persons or damage to property suffered in the course of performance of the contract, caused by or resulting solely from the negligence of such other party or his agents or employees, is against public policy and is void and unenforceable.

Va. Code Ann. § 11-4.1.

The Supreme Court of Virginia has interpreted this statute to "void[] any indemnification provision that reaches damage caused by the negligence of the indemnitee, even if the damage does not result from the negligence of the indemnitee. *Uniwest Constr. v. Amtech Elevator Serv., Inc.*, 280 Va. 428, 442, 699 S.E.2d 223, 230 (2010).

In *Uniwest*, the Supreme Court of Virginia found void an indemnification clause that stated, "If any claims . . . be made or asserted, whether or not such claim(s) are based upon the negligence of Uniwest or [Fountains], [Amtech] agrees to indemnify and save harmless Uniwest from any and all such claims. . . ." *Id.* (emphasis in original). The Supreme Court of Virginia found that the language was so broad that it indemnified Uniwest for its own negligence. *Id.* at 442, 230. As such, the indemnification provision violated Va. Code Ann. § 11-4.1 and was declared void. *Id.*

Similarly, in this case, it appears that Fuller is attempting to indemnify itself for its own negligence in Section 7 of the Subcontract with Westcon and Article 4.6.1 of the Subcontract with G&B. The language in the indemnification clause in *Uniwest* and the subject provisions here is almost identical. As in *Uniwest*, the subject provisions require the indemnitor to indemnify the indemnitee regardless of whether the indemnitee's own negligence caused the claim. The language of Section 7 and Article 4.6.1 reaches beyond the negligence of other parties and indemnifies Fuller. As such, the subject provisions violate Va. Code Ann. § 11-4.1 and are void.

Therefore, the Court sustains Westcon's and G&B's demurrers with respect to Fuller's claim for indemnification by express contract.

Fuller and Excel did not enter into a contract. Rather, Excel and G&B entered into a contract that referenced Fuller. As such, an express contract between Fuller and Excel does not exist. As such, Fuller cannot maintain a claim for indemnification by express contract. Therefore, the Court sustains Excel's demurrer with respect to Fuller's claim for indemnification by express contract.

## B. *Implied Indemnification*

Fuller argues Westcon, G&B, and Excel are required to indemnify Fuller by reason of common law indemnity. Implied indemnity must grow out of a contractual relationship. *See RML Corp. v. Lincoln Window Products, Inc.*, 67 Va. Cir. 545, 562 (2005).

In this case, Fuller alleges an express indemnity contract between the parties. However, Fuller failed to plead any facts indicating a separate implied indemnity contract existed between the parties. Fuller did not provide facts regarding any conversations, actions, warranties, or agreements between the parties that would provide the basis for an implied indemnity contract. As such, Fuller has failed to plead sufficient facts to show an implied indemnification contract.

Therefore, Court sustains Westcon's, G&B's, and Excels' demurrers as to implied indemnification.

## C. *Equitable Indemnification*

In the alternative, Fuller argues Westcon, G&B, and Excel are required to indemnify Fuller by reason of equitable indemnity.

The Supreme Court of Virginia has recognized claims for indemnity arising in non-contractual cases. "Equitable indemnification arises when a party without personal fault is nevertheless legally liable for damages caused by the negligence of another." *Carr v. The Homes Ins. Co.*, 250 Va. 427, 430, 463 S.E.2d 457, 458 (1995). "A prerequisite to recovery based on equitable indemnification is the initial determination that the negligence of another person caused the damage. Without that determination, neither the negligent actor nor the innocent party can be held liable for the damages claimed." *Id.*

In *Carr*, the subrogee filed a motion for judgment against the subrogor. *Id.* at 429-30. The Court found that, at the time the subrogee filed the motion for judgment to recover damages, no determination of negligence had been made. *Id.* at 430. Because a prerequisite to recovery based on equitable indemnification is the initial determination that the negligence of another person caused the damage, the Court held the elements necessary to support equitable indemnification were not met. *Id.*

In this case, Fuller seeks to allege a claim of equitable indemnification rather than to collect a judgment based on equitable indemnification as in *Carr*. Although a finding of negligence is required to *collect* damages based on equitable indemnification, it does not appear a finding of negligence is required to *allege* a claim of equitable indemnification. As such, Fuller's allegation of equitable indemnification is appropriate at this stage in the pleadings.

However, as discussed above, Fuller has failed to allege sufficient facts to maintain a suit for negligence against Westcon, G&B, and Excel. As such, it follows that Fuller has not pleaded sufficient facts to maintain a claim of equitable indemnification against Westcon. Equitable indemnification requires a finding of negligence, and Fuller has not provided sufficient facts to even maintain a suit for negligence against Westcon, G&B, and Excel. As such, the Court sustains Westcon's, G&B's, and Excel's demurrers as to equitable indemnification.

### VI. *Count IV: Indemnity Active-Passive*

Fuller argues Westcon, G&B, and Excel must indemnify Fuller for any damages found against Fuller because any negligence by Fuller was passive and/or secondary and any negligence by Westcon, G&B, and Excel was active and/or primary.

Active/passive indemnity "arises between parties from equitable considerations . . . [where] the indemnitee is liable to the injured party because of some positive duty created by statute or common law, however, the actual cause of injury to the third party was the act of the indemnitor." *RML Corp v. Lincoln Window Products, Inc.*, 67 Va. Cir. 545, 564 (2005) (quoting *Teleglobe USA, Inc. v. USA Global Link, Inc.*, 52 Va. Cir. 553, 558 (1999)).

On April 17, 2012, this Court sustained the Third-Party Defendants' Demurrer for Count IV. No additional facts were added to the Amended Third-Party Complaint that would distinguish the allegations in Count IV of the Amended Third-Party Complaint from the allegations in Count IV of the initial Third-Party Complaint. In paragraph 5, Fuller includes allegations from Plaintiff's Complaint. Fuller also includes additional citations. However, none of these additional "facts" include allegations of what positive duty was created between the parties by statute or common law. As such, Count IV of the Amended Third-Party Complaint and Count IV of the initial Third-Party Complaint are indistinguishable. The Court sustains Westcon's, G&B's, and Excel's demurrers as to Count IV.

## VII. *Count V: Contribution*

Fuller also seeks contribution from Westcon, G&B, and Excel. Virginia Code § 8.01-34 permits contribution among wrongdoers when the wrong results from negligence and involves no moral turpitude. However, § 8.01-34 "does not create any greater liability than existed before its enactment." *Norfolk Southern RR. v. Gretakis*, 162 Va. 597, 600, 174 S.E. 841, 842 (1934). The Supreme Court of Virginia has explained, "[B]efore contribution may be had, it is essential that a cause of action by the person injured lie against the alleged wrongdoer from whom contribution is sought. Further, this right arises only when one tortfeasor has paid or settled a claim for which other wrongdoers are also liable." *Bartlett v. Roberts Recapping, Inc.*, 207 Va. 789, 793, 152 S.E.2d 193, 196 (1967). *See also Gemco-Ware, Inc. v. Rongene Mold & Plastics Corp.*, 234 Va. 54, 58, 260 S.E.2d 342, 344-45 (1987) ("But if such cause of action existed, the right of action to recover contribution arises upon discharge of the common obligation. . . .").

In *Gretakis*, the defendant railroad could not seek contribution from the minor plaintiff's father because the parental immunity doctrine prohibited an action by the minor against his father. 162 Va. at 600, 174 S.E. at 842. Likewise, the plaintiffs in *VEPCO v. Wilson* could not recover against Wilson, their employer, because they had received workers' compensation; therefore, VEPCO could not seek contribution from Wilson. 221 Va. 979, 980, 277 S.E.2d 979, 980 (1981).

Regardless of whether Fuller has pleaded sufficient facts to show that Plaintiff has a cause of action against Westcon, G&B, or Excel, Fuller cannot maintain its contribution claim against any of these defendants. The right of contribution only arises when one wrongdoer has paid or settled a claim for which other wrongdoers are also liable. Fuller has neither paid nor settled with Plaintiff; therefore, Fuller cannot seek contribution from Westcon, G&B, or Excel. Therefore, the Court sustains Westcon's, G&B's, and Excel's demurrer as to Count V.

## VIII. *Conclusion*

Upon the briefs and oral arguments of counsel, the Court sustains the demurrers of Westcon, G&B, and Excel as to Counts I, II, III, IV, and V of Fuller's Amended Third-Party Complaint.